IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jorge Berrios,                                      :
                              Petitioner            :
                                                    :
              v.                                    :
                                                    :
Pennsylvania Board of Probation                     :
and Parole,                                         :    No. 905 C.D. 2016
                              Respondent            :    Submitted: November 23, 2016


BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
           HONORABLE ANNE E. COVEY, Judge
           HONORABLE DAN PELLEGRINI,  Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                              FILED: February 14, 2017


        Jorge Berrios (Berrios) petitions this Court for review of the
Pennsylvania Board of Probation and Parole's (Board) May 13, 2016 order denying
his request for administrative relief.  Berrios is represented in this matter by Assistant
Public Defender Seth E. Grant, Esquire (Counsel), who has filed a Petition for Leave
of Court to Withdraw as Appellate Counsel (Application).  After review, we deny
Counsel's Application.

        Berrios is an inmate at the State Correctional Institution (SCI) at
Graterford.  On June 14, 2002, the Board paroled Berrios to Kintock Community
Corrections Center from a 7 to 15-year sentence for third-degree murder (Original
Sentence).  At that time, his maximum sentence release date was August 27, 2010.
As a condition of his parole, Berrios agreed:

        If you are convicted of a crime committed while on
        parole/reparole, the Board has the authority, after an

> appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

Certified Record (C.R.) at 7. Berrios did not object to the above-quoted parole condition. On May 2, 2009, Berrios was arrested on drug charges. On May 3, 2009, the trial court set bail in the amount of $8,000.00, which Berrios did not post. On May 4, 2009, the Board issued a warrant to commit and detain Berrios pending disposition of the drug charges. On August 20, 2009, the trial court changed Berrios' bail to release on his own recognizance.

On April 22, 2010, Berrios was convicted of manufacturing, delivering, or possessing with intent to manufacture or deliver, a controlled substance and conspiracy to manufacture, deliver, or possess with intent to manufacture or deliver, a controlled substance, and the trial court revoked his bail. On June 14, 2010, Berrios was sentenced to 2 consecutive terms of 2 to 4 years incarceration, for an aggregate sentence of 4 to 8 years incarceration.

On July 2, 2010, the Board served Berrios with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. On July 14, 2010, the Board held the revocation hearing at SCI-Rockview, at which Berrios was represented by counsel. The Board Examiner voted on July 20, 2010 and, five additional Board members voted between August 4 and September 20, 2010, to recommit Berrios as a convicted parole violator (CPV) and reparole him to a state detainer sentence. On October 2, 2013, Berrios was reparoled to the Philadelphia Community Corrections Center. Berrios' new maximum sentence release date was October 6, 2017. As a condition of his parole, Berrios agreed:

> If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when

2

paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 76. Berrios did not raise any objections to the above-quoted parole condition. On June 20, 2014, Berrios was arrested on new drug charges (New Charges). That same date, the trial court set bail in the amount of $25,000.00, which Berrios did not post. Also on June 20, 2014, the Board issued a warrant to commit and detain Berrios pending disposition of the New Charges. On June 23, 2015, Berrios pled guilty to manufacturing, delivering, or possessing with intent to manufacture or deliver, a controlled substance. On September 4, 2015, Berrios was sentenced to $1\frac{1}{2}$ to 3 years incarceration followed by 5 years probation.

On November 3, 2015, the Board served Berrios with a notice of charges and notice of the Board's intent to hold a parole revocation hearing. That day, Berrios admitted to the parole violation, and waived his right to counsel and a revocation hearing. On November 19 and December 8, 2015, respectively, Board members voted to recommit Berrios as a CPV to serve 18 months backtime without credit for time spent at liberty on parole. By decision recorded on January 29, 2016 (mailed February 10, 2016), the Board formally recommitted Berrios as a CPV to serve 18 months backtime with a maximum sentence release date of November 29, 2022.

The Board calculated Berrios' new maximum sentence release date as follows. When Berrios was released on parole on October 15, 2010, his Original Sentence maximum release date was October 6, 2017 and, thus, he owed 2,548 days of backtime on his Original Sentence. The Board chose not to credit Berrios for his time spent at liberty on parole and, since the Board lodged its detainer on the same day the trial court set Berrios' unposted bail, the Board did not give Berrios credit toward his Original Sentence for his pre-trial incarceration on the New Charges. Berrios did not become available to serve his Original Sentence until December 8,

2015, the date he was recommitted as a CPV. Adding 2,548 days to December 8, 2015 resulted in Berrios' new November 29, 2022 Original Sentence maximum release date.

On March 9, 2016, Berrios submitted an Administrative Remedies Form challenging the Board's decision recorded on January 29, 2016 (mailed February 10, 2016), which formally recommitted Berrios as a CPV. On May 13, 2016, the Board denied Berrios' request for administrative relief. Berrios appealed pro se to this Court.[1] Counsel subsequently filed an Entry of Appearance on Berrios' behalf. Thereafter, Counsel filed his Application and an Anders brief.[2]

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with either a copy of a[n Anders] brief . . . or a no-merit letter satisfying the requirements of *Turner,* and inform the parolee

---

[1] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pa. Bd. of Prob. & Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

[2] *Anders v. State of Cal.,* 386 U.S. 738, 744 (1967) ("a brief referring to anything in the record that might arguably support the appeal" to be filed with the Court "if counsel finds his [client's] case to be wholly frivolous, after a conscientious examination of it"). Where counsel files an Anders brief when a no-merit letter would have sufficed, we will accept an Anders brief in lieu of a no-merit letter if that brief complies with the substantive requirements of a no-merit letter. *Seilhamer v. Pa. Bd. of Prob. & Parole*, 996 A.2d 40 (Pa. Cmwlth. 2010).

of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

Here, Counsel served Berrios with his Anders brief and Application, and notified Berrios that he may either obtain substitute counsel or file a brief on his own behalf.[3] However, Counsel's Anders brief lacks the requisite substantive content. In his pro se request for administrative relief, Berrios raised two issues: (1) whether the Board erred by beginning his backtime on December 8, 2015 (the date he was recommitted as a CPV), as opposed to September 4, 2015 (the date he was sentenced on his New Charges); and (2) whether the Board abused its discretion by denying Berrios credit for his time at liberty on parole. *See* Administrative Remedies Form, C.R. at 126-132. In Counsel's Anders brief, Counsel states that Berrios "takes exception to the imposition of an 18[-]month sentence and an extension of [Berrios'] unexpired term to November 29, 2022." Anders Br. at 11. Counsel further sets forth: "Central to [Berrios'] argument, is that the [B]oard acted outside of its authority when [Berrios'] maximum [sentence release date[4]] was extended to November 29, 2022 at his revocation hearing . . . ." *Id.* at 11-12. Counsel did not specifically address either of Berrios' issues.[5]

---

[3] Berrios did not obtain substitute counsel or file a brief.

[4] Counsel mischaracterizes this date as Berrios' "maximum parole date." Anders Br. at 11.

[5] This Court is also disturbed by Counsel's carelessness in drafting his Application and Anders brief. While we understand that some applications and briefs are boilerplate, there is no acceptable reason why Berrios' name in the Application should be wrong in not one but four places, using two different incorrect names. Further, the facts presented in the Statement of the Case section of Counsel's Anders brief are so scant it is incredulous that Counsel can thereby argue the merits of Berrios' claims based thereon.

Accordingly, Counsel's Application is denied without prejudice. Counsel has 30 days to either file an amended Application and Anders brief that adequately addresses each of the issues raised in Berrios' request for administrative relief, or to submit a brief on the merits.


_____

ANNE E. COVEY, Judge

## IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Jorge Berrios,                          :
               Petitioner      :
                                  :

        v.                          :

                                  :
Pennsylvania Board of Probation          :
and Parole,                              :      No. 905 C.D. 2016
               Respondent    :

## O R D E R

AND NOW, this 14th day of February, 2017, the Petition for Leave of Court to Withdraw as Appellate Counsel filed by Assistant Public Defender Seth E. Grant, Esquire (Counsel) is DENIED. Counsel is granted 30 days from the date of this Order to either file a renewed application to withdraw and an amended Anders brief, or to submit a brief on the merits.

_____
ANNE E. COVEY, Judge