**Bernard HONT, Petitioner,**

v.

**PENNSYLVANIA BOARD OF PROBATION AND PAROLE, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs June 12, 1996.
Decided July 22, 1996.

Deborah Jackson, Assistant Public Defender, for Petitioner.

Robert A. Greevy, for Respondent.

Before COLINS, President Judge, and McGINLEY, SMITH, PELLEGRINI, FRIEDMAN, FLAHERTY and LEADBETTER, JJ.

SMITH, Judge.

Bernard Hont (Hont) petitions for review of an order of the Pennsylvania Board of Probation and Parole (Board) denying his

request for administrative relief. Hont's counsel filed an application for leave to withdraw her appearance on behalf of Hont on the ground that the appeal is without merit and submitted a letter in support of the application. On appeal, Hont contends that the Board abused its discretion when it recommitted him to serve backtime for each of his separate criminal convictions. In addition, Hont contends that his recommitment is invalid because he entered into an agreement with the Board that he would receive only a 24–month maximum recommitment. Finally, Hont contends that his recommitment violates the "bicameral and presentment provisions" of the Pennsylvania and United States Constitutions.

■ The Court first addresses counsel's petition to withdraw her appearance and the "no-merit letter" filed with it. The Supreme Court set forth the proper procedure to be followed when court-appointed counsel seeks to withdraw representation because the issues raised by the petitioner are frivolous in *Commonwealth v. Turner,* 518 Pa. 491, 544 A.2d 927 (1988). Subsequently, *Turner* has been interpreted as requiring the following: "[C]ounsel must file a 'no-merit' letter detailing the nature and extent of his [or her] review and listing each issue which the petitioner wishes to raise. In addition, the letter must include an explanation as to why those issues lack merit." *Commonwealth v. Bishop,* 435 Pa. Superior Ct. 211, 214–215, 645 A.2d 274, 275–276 (1994) (citations omitted); *see also Epps v. Pennsylvania Board of Probation and Parole,* 129 Pa.Cmwlth. 240, 565 A.2d 214 (1989). In the future, these requirements must be satisfied by court-appointed counsel before the court will consider any request by counsel to withdraw an appearance on behalf of an individual under the jurisdiction of the Board.

■ The appellate court is required to conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before the appellate court may grant counsel leave to withdraw. *Bishop.* Although counsel should not be forced to pursue a frivolous contention, the petitioner's right to representation on appeal must be protected. Thus this Court has previously determined that counsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless. *See Wesley v. Pennsylvania Board of Probation and Parole,* 150 Pa.Cmwlth. 54, 614 A.2d 355 (1992); *Epps.*

■ In the present case, counsel's "no-merit" letter fails to meet the requirements of *Turner.* Hont's petition for review raises the three issues stated above. Counsel's "no-merit" letter, however, addresses only Hont's contention that the Board abused its discretion when it recommitted him to serve backtime for each of his separate criminal convictions. In *Wesley,* counsel sought to withdraw from representation and submitted a brief arguing that the petitioner's claims were meritless. This Court denied counsel's petition to withdraw from representation because counsel failed to specifically address all of the contentions raised by the petitioner. Similarly, because counsel in the present case has failed to specifically address two of the contentions raised by Hont, this Court concludes that counsel's "no-merit" letter is defective.

■ Accordingly, this Court denies counsel's petition to withdraw from representation of Hont. Furthermore, "[this Court] does not reach an examination of the merits of the appeal until it is satisfied that counsel has discharged its responsibility in complying with the technical requirements of an *Anders* brief or a no-merit letter." *Wesley,* 150 Pa. Cmwlth. at 57, 614 A.2d at 356. This denial ends the present proceeding on counsel's application, and the Court shall not embark upon an independent examination of the merits of Hont's appeal until such time as counsel complies with the requirements of *Turner.*

### ORDER

AND NOW, this 22nd day of July, 1996, the application for leave to withdraw filed by counsel of record is hereby denied without prejudice to refile the application once counsel has complied with the requirements of

*Commonwealth v. Turner*, 518 Pa. 491, 544 A.2d 927 (1988).

COLINS, President Judge, dissents.