IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Casey Williams, : 
                      Petitioner : 
                       : 
          v. : 
                       : 
Pennsylvania Board of : 
Probation and Parole, :   No. 337 C.D. 2017
            Respondent :   Submitted: September 1, 2017

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE DAN PELLEGRINI, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                    FILED: December 13, 2017

        Casey Williams (Williams), an inmate at State Correctional Institution –
Houtzdale, petitions this Court for review of the Pennsylvania Board of Probation and
Parole's (Board) February 24, 2017 decision denying his request for administrative
relief. Williams' counsel, Assistant Public Defender Daniel C. Bell, Esquire (Counsel)
has filed a Petition for Withdrawal of Appearance (Withdrawal Petition) and submitted
a no-merit letter in support thereof. After review, we deny Counsel's Withdrawal
Petition.

        On August 16, 2005, Williams was paroled from a 4 to 10-year sentence
for the manufacture, sale, delivery or possession with the intent to deliver a controlled
substance (PWID), possession of a controlled substance, and possession of drug
paraphernalia. Williams was released to an approved home plan in New York, and was
placed under the active compact supervision of the New York parole authorities. At
that time, Williams' maximum sentence release date was February 2, 2011.

On May 22, 2007, Williams was arrested by the New York Police Department for criminal possession of marijuana (Possession Charge). On June 24, 2007, the Possession Charge was non-processed because the District Attorney's Office declined to prosecute the case. On June 15, 2008, the Allentown Police Department arrested Williams for simple assault and harassment. On June 16, 2008, the Board lodged a detainer. On July 22, 2008, the charges were dismissed. On December 12, 2008, the Allentown Police Department arrested Williams for carrying a firearm without a license and not being permitted to possess a firearm. On December 13, 2008, the Board lodged a detainer. On December 30, 2008, Williams signed a waiver of his rights to a detention hearing, counsel and a panel hearing. On January 8, 2009, the second Board member voted to recommit Williams as a technical parole violator for leaving New York without permission and being arrested on firearms charges. The Board sentenced Williams to 12 months of backtime.

On February 18, 2009, a federal indictment was issued against Williams for one count of conspiracy to distribute crack, four counts of crack distribution, one count of aiding and abetting crack distribution, and one count as a felon in possession of a weapon. On April 4, 2011, Williams pled guilty to the federal charges. On June 19, 2013, Williams was sentenced to a concurrent 96-month term of imprisonment and six years of supervised release for the drug charges, and to a concurrent term of 96 months of imprisonment and three years of supervised release for the firearms charge. Williams was returned to the Department of Corrections' custody on December 1, 2015. On March 2, 2016, Williams was recommitted as a convicted parole violator and sentenced to serve 60 months of backtime concurrently with his January 2009 technical parole violation sentence.

On April 28, 2016, Williams filed an Administrative Remedies Form seeking reconsideration of his recommitment backtime. *See* Administrative Remedies Form Attachment, Certified Record (C.R.) at 159. By February 24, 2017 decision, the

Board denied his administrative appeal. Williams appealed from the Board's decision to this Court.[1] On June 19, 2017, Counsel filed a Withdrawal Petition and no-merit letter. On June 23, 2017, this Court ordered that Counsel's Withdrawal Petition be considered along with the merits of Williams' appeal.

This Court has held that in order to withdraw, "counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1988)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner,* and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

Here, Counsel served Williams with Counsel's no-merit letter and Withdrawal Petition, and notified Williams that he may either obtain substitute counsel or file a brief on his own behalf.[2] However, Counsel's no-merit letter lacks the requisite substantive content. In his Administrative Remedies Form, Williams, for a myriad of

---

[1] "Our review in a parole revocation action is limited to determining whether the findings were supported by substantial evidence, whether constitutional rights were violated, or whether the Board committed an error of law." *Flowers v. Pa. Bd. of Prob. & Parole*, 987 A.2d 1269, 1271 n.3 (Pa. Cmwlth. 2010).

[2] Williams did not obtain substitute counsel or file a brief.

3

personal reasons, merely "ask[ed] the [B]oard to reconsider" his "5 year [recommitment sentence.]" Administrative Remedies Form, C.R. at 159. The petition for review filed by Counsel with this Court "asks that this Honorable Court review the amount of back-time imposed as being in excess of the presumptive ranges." Petition for Review at 2.

In the no-merit letter, Counsel restates that Williams is seeking "the Court[']s review of the amount of backtime imposed as being in excess of the presumptive ranges." Counsel's No-Merit Letter at 3. Counsel addressed that issue by stating: "[Williams'] plea of guilty to PWID counts one through six carries a presumptive recommitment range of eighteen to twenty-four months [for] each count[,] while count seven carries a presumptive recommitment range of twelve to eighteen months. 37 Pa. Code § 75.2." Counsel's No-Merit Letter at 3. Counsel provided no further explanation as to the exact charges or how he determined the applicable presumptive ranges, other than citing to a page from the Board's January 26, 2016 Hearing Report, "C.R. at 141," *id.,* wherein the Board merely listed the first six counts as convictions for "PWID F" and wrote in "18-24m" as the presumptive range for each. C.R. at 141. Counsel concluded, based solely on the Board's Hearing Report, that "[Williams'] aggravated[3] presumptive range is calculated at eighteen (18) to one hundred sixty-two (162) months.[4] (C[.]R[.] at [] 141) Therefore, the Parole Board's imposition of sixty (60) months backtime is within [its] discretion[,] and there appears [to be] substantial evidence to support the backtime." Counsel's No-Merit letter at 4. Based on the foregoing, Counsel did not address Williams' issue with sufficient detail

_____

[3] It appears that Counsel meant to write "aggregate," as opposed to "aggravated," as there is no aggravated *range*, only "[Convicted Parole Violator] Aggravation," *i.e.*, aggravating factors, which the Board left blank. C.R. at 141.

[4] Even if Counsel's/the Board's presumptive ranges are correct, the aggregate range would be 120 to 162 months rather than 18 to 162 months.

to provide a substantive reason for concluding that Williams' claim was meritless. *Hont*. Without that information, this Court cannot "concur in [C]ounsel's assessment." *Id.* at 48. As a result, Counsel's no-merit letter failed to fully comply with the *Turner* requirements. *Id.*

Accordingly, Counsel's Withdrawal Petition is denied without prejudice. Counsel has 30 days to either file an amended Withdrawal Petition and no-merit letter that adequately addresses the issue raised in Williams' request for administrative relief, or to submit a brief on the merits.

_____
ANNE E. COVEY, Judge

Casey Williams,                :
             Petitioner       :
                                 :
        v.                       :
                                 :
Pennsylvania Board of        :
Probation and Parole,         :    No. 337 C.D. 2017
            Respondent    :

## O R D E R

AND NOW, this 13th day of December, 2017, the Petition for Withdrawal of Appearance (Withdrawal Petition) filed by Assistant Public Defender Daniel C. Bell, Esquire (Counsel) is DENIED. Counsel is granted 30 days from the date of this Order to either file an amended Withdrawal Petition and no-merit letter, or to submit a brief on the merits.

_____
ANNE E. COVEY, Judge