Joseph Flannery, : 
              Petitioner : 
            : 
           v. : 
            : 
Commonwealth of Pennsylvania : 
and Pennsylvania Probation and Parole : 
Board, :   No. 470 C.D. 2019
             Respondents :   Submitted: November 15, 2019

BEFORE:   HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE ANNE E. COVEY, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                       FILED: February 7, 2020

Joseph Flannery (Flannery) petitions this Court for review of the Pennsylvania Board of Probation and Parole's (Board) March 6, 2019 order denying his request for administrative relief from the Board's August 15, 2017 order (mailed August 25, 2017) recommitting him (Recommitment Order) as a convicted parole violator (CPV). Flannery is represented in this matter by Schuylkill County Public Defender Kent D. Watkins, Esquire (Counsel), who has filed an Application to Withdraw as Counsel (Application) and submitted a no-merit letter in support thereof. After review, we grant Counsel's Application and affirm the Board's order.

Flannery is an inmate at the State Correctional Institution (SCI) at Mahanoy. On August 26, 2015, Flannery was paroled to a county detainer from his 3- to 10-year sentence for the charge of person not to possess, use firearms. (Original Sentence). *See* Certified Record (C.R.) at 1, 7. Flannery's Original Sentence

maximum release date was February 27, 2022. Flannery's parole release date was September 20, 2015. *See* C.R. at 7.

On June 17, 2016, Flannery was arrested in Montgomery County for two counts of possession of a firearm, two counts of possession of a controlled substance by a person not registered, and use or possession of drug paraphernalia. On the same date, the Board issued a warrant to commit and detain Flannery. On June 30, 2016, Flannery waived representation of counsel and a detention hearing.

By Board decision recorded July 25, 2016 (July 25, 2016 Board Decision) and notice thereof issued on August 24, 2016, the Board detained Flannery pending disposition of the criminal charges. *See* C.R. at 32. On October 3, 2016, Flannery filed an administrative remedies form challenging the July 25, 2016 Board Decision. On December 8, 2016, Flannery filed a Petition for Administrative Appeal with the Board requesting that he be placed at liberty on parole during the pendency of the criminal proceedings (December 2016 Administrative Petition). On February 9, 2017, the Board issued a decision to continue to detain Flannery pending disposition of the criminal charges.

On June 6, 2017, following a jury trial, Flannery was found not guilty of possessing a firearm, but was found guilty of one count of possessing a controlled substance by a person not registered.[1] Flannery was sentenced to time served (365 days) to 23 months.

On August 15, 2017, the Board issued the Recommitment Order[2] directing that Flannery be recommitted as a CPV to serve 9 months of backtime for

---

[1] The Commonwealth withdrew the second count of possession of a controlled substance by a person not registered.

[2] The Recommitment Order reflects that Flannery's Original Sentence maximum release date was February 27, 2022; he was paroled on September 20, 2015, at which time he owed 2,352 days; his custody for return date was June 7, 2017; and his new Original Sentence maximum release date was November 15, 2023. *See* C.R. at 68.

the controlled substance conviction.  The Recommitment Order advised Flannery that the Board, in its discretion, did not award him credit for time he spent at liberty on parole because he was "STILL USING DRUGS [AND] NOT ADJUSTING WELL TO PAROLE."  C.R. at 70.  The Recommitment Order stated:

> IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION.  THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS.  YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT.

C.R. at 71.

On January 17, 2019, the Board received Flannery's Administrative Appeal and Petition for Review (January 2019 Administrative Petition) in an envelope postmarked January 15, 2019.[3]  Therein, Flannery raised substantive and constitutional challenges to the Board's Recommitment Order.

On February 1, 2019, Flannery filed in this Court a "Petition for Writ of Mandamus for a Court Order Compelling the [] Board to Answer the Appeal and Re[-]parole [Flannery]" (February 2019 Petition).[4]  In the February 2019 Petition, Flannery alleged that he had filed administrative appeals from the Recommitment Order and that the Board had not ruled upon them.  Specifically, Flannery averred, *inter alia*:

> Thereafter, [Flannery] receiv[ed] the Board's decision, [Flannery] [filed] a Petition with the Board [] for, Administrative Appeal [(First Administrative Appeal)], . . . and within that [First] Administrative Appeal Flannery raised well (est)ablished law of: (1). That he had 'no' technical parole violations, (2). [T]hat he was gainfully employed full-time, and (3). [T]hat the 'alleged' criminal

---

[3] The document itself is dated January 8, 2018.
[4] This Court docketed the February 2019 Petition at No. 60 M.D. 2019.

3

infraction was based on pure conjecture and speculation from a 'CONFIDENTIAL INFORMANT', in which [sic] happened to be a 'close relative', in which this relative would and did name anyone to get himself [ou]t of trouble.[5]

As this respected Court is aware [] there 'HAS' to be a [time-]stamped copy afforded to [Flannery] of that [First] Administrative Appeal, to [date] the Board of Parole 'HAS' 'denied' such to [Flannery], let alone an answer/reply to that appeal.

February 2019 Petition at 6, ¶ 14.

On March 6, 2019, the Board dismissed the January 2019 Administrative Petition, explaining:

[The January 2019 Administrative Petition] was received on January 17, 2019, in an envelope that was postmarked on January 15, 2019. The Board decision that established your parole violation maximum date was mailed to you on August 25, 2017. [Section 73.1(b)(1) of t]he Board's [R]egulations provide that a petition for administrative review must be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. 37 Pa. Code. § 73.l(b)(l). Accordingly, the petition for administrative review is DISMISSED as untimely.

C.R. at 98. By March 11, 2019 order, this Court dismissed the February 2019 Petition on the basis that "[the Board] issued a decision mailed March 6, 2019 disposing of [Flannery's] request for administrative review, [Flannery] may file a

---

[5] Importantly, Flannery did not aver that, in the First Administrative Appeal, he challenged the Board's calculation of his maximum release date or the Board's failure to credit his time spent at liberty on parole. In fact, the issues Flannery alleges that he raised in the First Administrative Appeal are the same issues he raised in his December 2016 Administrative Petition requesting that he be placed at liberty on parole during the pendency of the criminal proceedings. However, it is unclear whether the First Administrative Appeal is, in fact, the December 2016 Administrative Petition.

4

timely appellate jurisdiction petition for review from that decision within 30 days from the exit date of this order." March 11, 2019 Order, No. 60 M.D. 2019.

On April 3, 2019, Flannery filed a petition for review with this Court (April 2019 Petition).[6] On July 26, 2019, Counsel filed the Application and a no-merit letter. On July 30, 2019, this Court ordered Counsel's Application to be considered along with the merits of Flannery's appeal. On August 21, 2019, this Court granted Flannery's petition for an extension of time to file his brief. Notwithstanding, Flannery did not file a brief with this Court.

This Court has held that in order to withdraw from representation,

> 'counsel . . . must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.' ' *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (quoting *Commonwealth v. Turner*, . . . 544 A.2d 927, 928 ([Pa.] 1988)). '[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [ ] substantive reason[s] for concluding that those claims are meritless.' *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to 'notify the parolee of his request to withdraw, furnish the parolee with [ ] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf.' *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then 'conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw.' *Hont*, 680 A.2d at 48.

*Stroud v. Pa. Bd. of Prob. & Parole*, 196 A.3d 667, 670 (Pa. Cmwlth. 2018).

---

[6] Flannery captioned the April 2019 Petition, "Supplemented/Amended Petition for Writ of Mandamus Pursuant to Original Filing and Supplement for Board[']s Error[s]." April 2019 Petition at 1.

This Court observes that Counsel's no-merit letter contains the procedural history of Flannery's case, as well as Counsel's review of the record and relevant statutes and case law. Counsel served Flannery with a copy of the no-merit letter and his Application, and notified Flannery that he may either obtain substitute counsel or file a brief on his own behalf.[7] Counsel represented therein that the sole issue before this Court is whether the Board properly dismissed Flannery's appeal as untimely. In his no-merit letter to this Court, Counsel provides sufficient reasons why Flannery's appeal is without merit. Accordingly, this Court concludes that Counsel complied with *Turner's* technical requirements and will now independently review the merits of Flannery's appeal to determine whether to grant or deny Counsel's Application.

According to the February 2019 Petition, Flannery contends in his April 2019 Petition that, at some point following the Recommitment Order, he filed his First Administrative Appeal with the Board, but the Board never issued a decision thereon. Although Flannery does not identify the date he allegedly filed the First Administrative Appeal with the Board, he asserts that the First Administrative Appeal "sat unanswered for [near]ly (2)-years[.]" April 2019 Petition at 3. Notwithstanding, other than the January 2019 Administrative Petition, the certified record does not contain an administrative appeal from the Recommitment Order.[8]

Flannery filed the January 2019 Administrative Petition (described by Flannery as a second administrative appeal) with the Board on January 15, 2019. On

---

[7] Flannery did not obtain substitute counsel or file a brief.

[8] The certified record contains an administrative remedies form postmarked October 3, 2016, wherein Flannery challenges the July 25, 2016 Board Decision detaining Flannery pending disposition of the criminal charges. The certified record also includes the December 2016 Administrative Petition, wherein Flannery appeals from the July 25, 2016 Board Decision. It is unclear if these are the documents to which Flannery references as the First Administrative Appeal. Notwithstanding, these filings occurred prior to the Board's August 15, 2017 Recommitment Order and do not constitute administrative appeals therefrom.

March 6, 2019, the Board dismissed the January 2019 Administrative Petition as untimely.

> Section 73.1(b) of the Board's Regulations provides, in pertinent part:
>
> (1) A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review **shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination**. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court until the Board has mailed its response to the petition for administrative review. This subsection supersedes [Section 35.226 of the General Rules of Administrative Practice and Procedure,] 1 Pa. Code § 35.226 [relating to final agency orders].
>
> . . . .
>
> (3) Second or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received.

37 Pa. Code § 73.1(b) (emphasis added). "Where a prisoner fails to meet this deadline, this [C]ourt has held that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993).

Because Flannery did not file the January 2019 Administrative Petition challenging the Board's maximum release date calculation until approximately 16 months after the Board mailed the Recommitment Order, the filing was untimely. Even if Flannery filed the First Administrative Appeal as he claims, the issues he raised therein did not pertain to Flannery's Original Sentence maximum release date, but instead, "[1] t]hat he had 'no' technical parole violations, [2]] that he was gainfully employed full-time, and [3]] that the 'alleged' criminal infraction was based

on pure conjuncture and speculation from a 'CONFIDENTIAL INFORMANT'[.]" February 2019 Petition at 6, ¶ 14.[9]

Thus, even if Flannery could demonstrate that he had timely filed the First Administrative Appeal, he did not therein challenge the Board's Recommitment Order and thus, did not preserve the issue. "The law is well settled that issues not raised before the Board either at the revocation hearing or in the petitioner's administrative appeal are waived and cannot be considered for the first time on appeal." *Chesson v. Pa. Bd. of Prob. & Parole*, 47 A.3d 875, 878 (Pa. Cmwlth. 2012). Accordingly, the Board properly dismissed Flannery's January 2019 Administrative Petition as untimely.

Based on the foregoing, this Court concludes that Counsel complied with *Turner's* technical requirements and confirms, based upon an independent record review, that Flannery's appeal lacks merit. For all of the above reasons, Counsel's Application is granted, and the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

---

[9] Importantly, in the February 2019 Petition, Flannery did not allege that he challenged the Board's calculation of his Original Sentence maximum release date or the Board's failure to credit his time spent at liberty on parole in the First Administrative Appeal.

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joseph Flannery,                        :
                    Petitioner          :
                                        :
            v.                          :
                                        :
Commonwealth of Pennsylvania            :
and Pennsylvania Probation and Parole   :
Board,                                  :   No. 470 C.D. 2019
                    Respondents         :

## O R D E R

AND NOW, this 7th day of February, 2020, Schuylkill County Public Defender Kent D. Watkins, Esquire's Application to Withdraw as Counsel is GRANTED, and the Pennsylvania Board of Probation and Parole's March 6, 2019 order is AFFIRMED.

_____
ANNE E. COVEY, Judge