IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryant Wright, : 
            Petitioner : 
             : 
        v. : No. 1763 C.D. 2019
             : Submitted: July 17, 2020
Pennsylvania Board of Probation and : 
Parole, : 
            Respondent : 

BEFORE:    HONORABLE MARY HANNAH LEAVITT, President Judge
                HONORABLE PATRICIA A. McCULLOUGH, Judge
                HONORABLE CHRISTINE FIZZANO CANNON, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY PRESIDENT JUDGE LEAVITT             FILED: October 14, 2020

        Bryant Wright, an inmate at the State Correctional Institution at Benner Township, petitions for this Court's review of the Pennsylvania Board of Probation and Parole's[1] (Board) adjudication denying his administrative appeal. Wright is represented in this matter by Centre County Public Defender David Crowley, Esquire (Counsel), who has filed an application to withdraw his appearance and submitted a no-merit letter in support thereof. After review, we grant Counsel's application and affirm the Board's order.

        On November 19, 2014, Wright was convicted of arson and violation of his probation and sentenced to a minimum sentence of two years and six months

---

[1] Subsequent to the filing of the petition for review, the Pennsylvania Board of Probation and Parole was renamed the Pennsylvania Parole Board. *See* Sections 15, 16, and 16.1 of the Act of December 18, 2019, P.L. 776, No. 115 (effective February 18, 2020); *see also* Sections 6101 and 6111(a) of the Prisons and Parole Code (Parole Code), *as amended*, 61 Pa. C.S. §§6101, 6111(a).

to a maximum of five years, with a maximum sentence date of September 8, 2018. Wright was paroled on October 17, 2016, but declared delinquent on July 14, 2017.

On January 10, 2018, a criminal complaint was filed against Wright in Montgomery County for drug-related offenses. On April 28, 2018, Wright was arrested in Berks County for resisting arrest and providing false identification to law enforcement. The Board lodged a warrant to commit and detain Wright that same day. Wright did not post bail and, thus, was held in the Berks County Prison.

On May 7, 2018, the Board served Wright with a notice of charges and hearing based on technical parole violations. Wright admitted that he violated the terms and conditions of his parole and waived his right to counsel and a hearing. On June 6, 2018, the Board recommitted Wright as a technical parole violator for six months and detained him pending disposition of his criminal charges.

On August 29, 2018, Wright pled guilty to resisting arrest and providing false identification and was sentenced to a minimum sentence of 124 days to a maximum of 23 months in Berks County Prison, followed by one year of probation. On September 7, 2018, Wright was paroled from Berks County Prison to the Board's detainer.

On October 10, 2018, the Board served Wright with a notice of charges and hearing based on his conviction of the criminal charges. Certified Record at 64 (C.R.__). On October 15, 2018, Wright admitted to the criminal convictions and waived his right to counsel and a hearing. On October 20, 2018, the Board recommitted Wright as a convicted parole violator for 12 months and denied him credit for the time he spent at liberty on parole.

On December 4, 2018, Wright pled guilty to the Montgomery County criminal charges and was sentenced to a minimum sentence of one year to a

2

maximum of three years. On January 17, 2019, the Board served Wright with a notice of charges and hearing based on his conviction of the new charges. On January 22, 2019, Wright admitted to the new criminal convictions and waived his right to counsel and a hearing. The Board recommitted Wright as a convicted parole violator to serve his unexpired term of 1 year, 7 months, and 26 days on his 2014 sentence and recalculated his maximum sentence date to July 29, 2020. In doing so, the Board credited Wright's sentence for the 88 days he was detained solely on its warrant from September 7, 2018, to December 4, 2018.

Wright appealed the decision and complained that he "never received a hearing for [his] violation, [was] never advised of [his] rights concerning violations, [and was] never advised of [his] right to a lawyer." C.R. 139. He also sought review of the Board's recalculation of his maximum sentence date because the Board did not credit him with "time served" and did not order his recommitment to run concurrently with his new sentence. *Id.* The Board denied Wright's administrative appeal on November 20, 2019.

Wright petitioned for this Court's review.[2] Therein, Wright argues that the Board erred in affirming the recommitment sentence as it failed to provide him with a timely revocation hearing and erred in holding that he knowingly waived his right to a revocation hearing. The petition for review requests this Court to vacate the Board's order recommitting Wright as a convicted parole violator. This Court appointed Counsel to represent Wright. On April 9, 2020, Counsel filed the application to withdraw his appearance and submitted a no-merit letter.

---

[2] "Our scope of review of the Board's decision denying administrative relief is limited to determining whether necessary findings of fact are supported by substantial evidence, an error of law was committed, or constitutional rights have been violated." *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 n.1 (Pa. Cmwlth. 2013).

This Court has held that in order to withdraw, "counsel … must provide a 'no-merit' letter which details 'the nature and extent of [counsel's] review and list[s] each issue the petitioner wishe[s] to have raised, with counsel's explanation of why those issues are meritless." *Zerby v. Shanon*, 964 A.2d 956, 961 (Pa. Cmwlth. 2009) (citing *Commonwealth v. Turner*, 544 A.2d 927, 928 (Pa. 1998)). "[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pennsylvania Board of Probation and Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of … [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pennsylvania Board of Probation and Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

Here, Counsel's no-merit letter contains the procedural history of Wright's appeal, as well as Counsel's review of the record and relevant statutes and case law. The no-merit letter states the issues Wright raises on appeal; sets forth Counsel's analysis of the issues; and explains Counsel's conclusion that they are meritless. Counsel served Wright with a copy of the no-merit letter and his application, and notified him that he may either obtain substitute counsel or file a brief on his own behalf. Accordingly, Counsel has satisfied the technical requirements of *Turner*, and we now consider the merits of Wright's claims.

4

In his petition for review, Wright argues that the Board erred in holding that he knowingly waived his right to a revocation hearing and failing to provide him with a timely revocation hearing.[3]  Upon review of the record, we disagree.

The Board's regulations provide that:

> (1) A revocation hearing shall be held within 120 days from the date the Board received official verification of the plea of guilty or nolo contendere or of the guilty verdict at the highest trial court level....

37 Pa. Code §71.4(1).  Nevertheless, a parolee may waive his right to a parole revocation hearing.  *Fisher v. Pennsylvania Board of Probation and Parole*, 62 A.3d 1073, 1075 (Pa. Cmwlth. 2013).  Further, this Court has held:

> [i]n order to effectuate a knowing and voluntary waiver in Parole Board cases, all that is required is for the Board to show that it followed its own regulations and provided the necessary information to the offender prior to the offender signing the written waiver form…. The waiver need not be effectuated in an "on the record colloquy"…. Rather, as here, execution of the Board's form is sufficient….

*Prebella v. Pennsylvania Board of Probation and Parole*, 942 A.2d 257, 261 (Pa. Cmwlth. 2008) (citations omitted).

The record shows that Wright signed revocation hearing waiver forms on October 15, 2018, and January 22, 2019.  By signing the waivers, Wright acknowleged that he had been advised of his right to a revocation hearing and that he waived that right of his "own free will, without any promise, threat or coercion."

---

[3] We note that Counsel's no-merit letter addresses the merits of additional issues Wright raised before the Board, *i.e.*, that the Board erred in failing to credit him with "time served" and by not running his recommitment sentence concurrently with his new sentence.  C.R. 139.  Because Wright has abandoned these issues on appeal by not including them in his petition for review, we will not consider them further.

C.R. 67, 110. Wright also signed the waiver of representation by counsel indicating that he had been advised of his right to counsel and waived that right of his "own free will, without any promise, threat or coercion." C.R. 67, 110. Wright further admitted the convictions underlying the parole revocation "knowingly, intelligently, and voluntarily," and with the knowledge that his admission could be withdrawn within 10 days. C.R. 67, 110. His signature in each instance was witnessed. His waiver and admission also were reviewed and signed by a parole supervisor. Wright did not retract his admission within the ten-day grace period.

The above evidence supports the conclusion that Wright made a knowing and voluntary waiver of his right to a revocation hearing. This Court has held that once a parolee waives his right to a parole revocation hearing, he is precluded from subsequently challenging the hearing's timeliness. *Fisher*, 62 A.3d at 1075-76 ("The waiver of the right to a hearing necessarily encompasses the right to advance claims of error he could have raised at the hearing."). We thus conclude that Wright has waived the right to challenge the timeliness of the revocation hearing.

Based on the foregoing, this Court concludes that Counsel complied with the technical requirements in *Turner* and, based upon an independent record review, that Wright's appeal lacks merit. For all of the above reasons, Counsel's application is granted, and the Board's adjudication is affirmed.

_____
MARY HANNAH LEAVITT, President Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Bryant Wright,                    :
                Petitioner          :
                                :
           v.               :    No. 1763 C.D. 2019
                                :
Pennsylvania Board of Probation and  :
Parole,                       :
               Respondent     :

**O R D E R**

AND NOW, this 14th day of October, 2020, the adjudication of the Pennsylvania Board of Probation and Parole in the above-captioned matter, dated November 20, 2019, is AFFIRMED, and the application for leave to withdraw as counsel filed by David Crowley, Esquire, is GRANTED.

_____
MARY HANNAH LEAVITT, President Judge