IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Todd Burlison,                          :
                        Petitioner           :
                                             :
          v.                                 :     No. 629 C.D. 2021
                                             :     Submitted: March 25, 2022
Pennsylvania Parole Board,                   :
                        Respondent           :


BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
          HONORABLE ELLEN CEISLER, Judge
          HONORABLE STACY WALLACE, Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                             FILED:  May 24, 2022


        Eric Todd Burlison (Burlison) petitions for review (Petition) of the Pennsylvania Parole Board's (Parole Board) order, which affirmed the Parole Board's decision denying Burlison credit for time spent at liberty on parole when he was recommitted to a state correctional institution as a convicted parole violator (CPV).  In addition, Burlison's appointed counsel, Kent D. Watkins, Esquire (Counsel) filed an application to withdraw as counsel, asserting that Burlison's appeal is frivolous and without merit.[1]  After review, we grant Counsel's application and affirm the Parole Board's order.

_____

[1] After receiving Counsel's application for leave to withdraw, Burlison filed an application for extension of time indicating that he was granted parole and intended to hire private counsel **(Footnote continued on next page…)**

In 2018, Burlison pled guilty to driving under the influence, driving with a suspended license, and simple assault in the Cumberland County Court of Common Pleas (Cumberland County). Certified Record (C.R.) at 3. Cumberland County sentenced Burlison to an aggregate incarceration term of one year, three months, and one day to five years, three months, and one day. *Id*. Additionally, the Dauphin County Court of Common Pleas resentenced Burlison on a probation revocation to a term of three months to two years to run concurrent to the Cumberland County sentence. C.R. at 1-3. On May 29, 2019, the Parole Board granted Burlison parole and released him from state incarceration. C.R. at 7-8. At that time, his maximum sentence date was May 9, 2023. C.R. at 61.

Subsequently, on March 2, 2020, the police arrested Burlison in Cumberland County and charged him with domestic violence related crimes including two counts of simple assault and theft by unlawful taking. C.R. at 19. The Parole Board detained Burlison pending disposition of those charges. *Id*. Consequently, on September 15, 2020, Burlison pled guilty to criminal mischief, and Cumberland County sentenced him to serve 6 to 12 months of confinement and to have no contact with the victim. *Id*.

On October 14, 2020, Burlison signed a waiver of Revocation Hearing form acknowledging his criminal conviction. C.R. at 33. By decision recorded on November 23, 2020, the Parole Board recommitted Burlison as a CPV. C.R. at 72. It denied him credit for the time spent at liberty on parole, explaining that Burlison demonstrated unresolved drug and alcohol issues and that his behavior reflected

once released from incarceration. This Court stayed the briefing schedule, but Burlison failed to file a status report in this matter as directed by the September 20, 2021, and December 14, 2021, orders of this Court. On March 28, 2022, this Court ordered that Counsel's application for leave to withdraw was to be submitted on briefs, along with the merits of the Petition. Accordingly, we address both issues.

domestic violence issues. *Id.* It calculated Burlison's parole violation maximum date of sentence as August 26, 2024. C.R. at 61.

In response, Burlison administratively appealed challenging the Parole Board's decision not to grant him credit for time spent at liberty on parole. C.R. at 66. Burlison argued that he did not have any technical violations for drug or alcohol issues while on parole and that, while he was charged with offenses involving alleged domestic violence, he only pled guilty to one count of criminal mischief. C.R. at 66. On May 17, 2021, the Parole Board denied Burlison's administrative appeal. C.R. at 72-73.

Burlison filed his Petition with this Court. In his Petition, Burlison asserts the Parole Board "abused its discretion by failing to give [Burlison] credit for all time in good standing on parole." Petition ¶ 5. Counsel filed an application to withdraw as counsel and *Turner* letter[2] asserting that Burlison's Petition is without merit.

Before addressing the validity of Burlison's substantive argument, we must address Counsel's *Turner* letter and application to withdraw. When counsel determines that issues raised on appeal are meritless and the court concurs, counsel will be permitted to withdraw. *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988). To properly withdraw, appointed counsel must submit a *Turner* letter "detailing the nature and extent of his review and listing each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Id.* at 928. If counsel satisfies the *Turner* requirements, we then conduct

---

[2] The term "*Turner* letter" refers to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), setting forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions." In a *Turner* letter pertaining to a parole violation matter, an attorney seeks leave of court to withdraw representation where the attorney determines the violator's case lacks merit. *Commonwealth v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

an independent review of the issues raised. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Where we concur in counsel's assessment, leave to withdraw may be properly granted. *Id.*

Here, Counsel's *Turner* letter satisfies these technical requirements. It contains a recitation of the relevant factual and procedural history and indicates that counsel performed an "exhaustive examination of the certified record, and research[ed] . . . applicable case law." *Turner* Letter at 6. Counsel outlines the sole issue raised by Burlison and concludes that Burlison's appeal "has no basis in law or in fact and is, therefore, frivolous." *Id.* Further, Counsel appropriately provided Burlison a copy of his *Turner* letter, which contains an explanation of Burlison's right to retain substitute counsel or to file a pro se brief with this Court. *Id.* Because Counsel satisfied *Turner's* procedural requirements for withdrawal, we now review the merits of Burlison's Petition.

On appeal, Burlison argues the Parole Board abused its discretion by not awarding him credit for time he spent at liberty on parole. Our scope of review of a Parole Board decision is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. *Gibson v. Pa. Bd. of Prob. & Parole*, 3 A.3d 754, 755 n.1 (Pa. Cmwlth. 2010) (citing Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704). As the revocation of parole is a function of administrative discretion, this Court will interfere with the Parole Board's exercise of discretion only where it has been abused or exercised in an arbitrary or capricious manner. *Moroz v. Pa. Bd. of Prob. & Parole*, 660 A.2d 131 (Pa. Cmwlth. 1995) (citations omitted). An abuse of discretion is "not merely an error of judgment, but occurs only where the law is overridden or misapplied, or the

4

judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will[.]" *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

Section 6138(a) of the Prisons and Parole Code (Parole Code), 61 Pa. C.S. § 6138(a), sets forth guidelines for the Parole Board's discretionary power in granting or denying a CPV credit for time spent at liberty on parole. Specifically, Section 6138(a)(1) provides the Parole Board "may, at its discretion, revoke the parole of a paroled offender if the offender, during the period of parole . . . commits a crime punishable by imprisonment, for which the offender is convicted . . . at any time thereafter in a court of record." *Id*. § 6138(a)(1). Where an offender's parole is revoked, the offender is to be recommitted to serve the remainder of the term which the offender would have been compelled to serve had parole not been granted. *Id*. § 6138(a)(2). The Parole Board may, in its discretion, award credit to a recommitted offender for time spent at liberty on parole, except when the recommitment involves the reasons in subsections 6138(a)(2.1)(i) and (ii) (including violent and sexual offender crimes), not present here. *Id*. § 6138(a)(2.1).

Our Supreme Court in *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466, 474 (Pa. 2017), held that Section 6138(a)(2.1) "clearly and unambiguously grants the [Parole Board] discretion to award credit to a CPV." The Court recognized that inherent notions of due process require the Parole Board to provide a contemporaneous statement that "articulate[s] the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id*. at 474. The Court reasoned that a petitioner maintains the right to appellate review and that an appellate court hearing the matter must have a method to assess the Parole Board's exercise of discretion. *Id*.

5

Here, Burlison does not dispute, and the record supports, that Burlison was a CPV. Thus, the Parole Board maintained discretion in deciding whether to award credit for time Burlison spent at liberty on parole. In compliance with *Pittman's* mandate, the Parole Board articulated the reasons for its decision to deny credit by explaining that Burlison had a poor supervision history while on parole. C.R. at 55. The Parole Board noted that Burlison "continues to demonstrate unresolved drug and/or alcohol issues that warrant denying credit for time at liberty on parole" and that his behavior "reflects domestic violence issues that warrant denying credit . . . for time at liberty on parole." C.R. at 53. The revocation hearing report includes comments specifying Burlison's drug and alcohol issues including positive urine screens for various controlled substances and alcohol as well as a summary retail theft conviction for attempting to steal a bottle of liquor while on parole. C.R. at 51. Additionally, the revocation hearing report notes that Burlison's Cumberland County arrest was domestic violence related as the victim was a paramour. *Id.* Although Cumberland County dismissed the assault charges in exchange for Burlison's guilty plea to criminal mischief, the record supported the Parole Board's decision to consider the domestic violence nature of his behavior. Because the Parole Board had discretion regarding its decision to deny Burlison credit for time spent at liberty on parole, it articulated the reasons for its decision to deny credit, and those reasons were supported by the record, the Parole Board did not abuse its discretion.

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner* and our independent review of the record confirms that Burlison's appeal lacks merit. Accordingly, we grant Counsel's application to withdraw as counsel and affirm the Parole Board's order.

_____
STACY WALLACE, Judge

7

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Todd Burlison,                     :
                        Petitioner      :
                                        :
        v.                              :     No. 629 C.D. 2021
                                        :
Pennsylvania Parole Board,              :
                        Respondent      :


# O R D E R


**AND NOW**, this 24th day of May 2022, the Application to Withdraw as Counsel filed by Kent D. Watkins, Esquire, is **GRANTED**, and the Order of the Pennsylvania Parole Board, entered in the above-captioned matter, is **AFFIRMED**.


_____
STACY WALLACE, Judge