IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Newsome,              :
         Petitioner  :  No. 1122 C.D. 2022
                       :  Submitted: July 14, 2023
        v.           :
                       :
Pennsylvania Parole Board,  :
        Respondent  :

BEFORE:   HONORABLE RENÉE COHN JUBELIRER, President Judge
              HONORABLE ELLEN CEISLER, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                      FILED: January 26, 2024

James Newsome (Petitioner) petitions for review of the September 23, 2022 order (Order) of the Pennsylvania Parole Board (Board) affirming, in part, and modifying its October 27, 2021 decision that recommitted Petitioner as a convicted parole violator (CPV) and denied him credit for time he spent at liberty on parole. Additionally, on January 20, 2023, Petitioner's appointed counsel, Kent D. Watkins, Esq. (Counsel), filed an Application to Withdraw as Counsel (Application to Withdraw). After review, we grant Counsel's Application to Withdraw and, concluding the Board did not err or abuse its discretion, we affirm the Board's Order.

## I. Factual and Procedural History

Petitioner is in the custody of the Pennsylvania Department of Corrections (DOC) at the State Correctional Institution (SCI) at Mahanoy. In 2017, Petitioner pled guilty in the Court of Common Pleas of Philadelphia County (Philadelphia County) to criminal conspiracy, murder (third degree), and carrying a firearm without a license. Certified Record (C.R.) at 1. Philadelphia County sentenced Petitioner to a term of 3 to 10 years of incarceration on the conspiracy charge and sentenced him to a minimum term of 11 months, 15 days of incarceration to a maximum term of 1 year, 11 months of incarceration on the firearm charge. *Id.* Petitioner's controlling maximum sentence date was March 25, 2025. *Id.*

The Board paroled Petitioner on July 29, 2019. *Id.* at 9. On January 3, 2021, the Upper Darby Township Police Department arrested Petitioner and charged him with driving under the influence (DUI) and fleeing or attempting to elude an officer. *Id*. at 15, 22. On January 3, 2021, the Board issued a warrant to commit and detain Petitioner. *Id.* at 14. On February 2, 2021, the Board detained Petitioner pending disposition of his new criminal charges. *Id.* at 15. On March 11, 2021, Petitioner posted bail on his new criminal charges. *Id.* at 85. On July 16, 2021, Petitioner pled guilty to his new criminal charges, and the Court of Common Pleas of Delaware County (Delaware County) sentenced him to 72 hours to 6 months of incarceration for the DUI conviction and time served to 24 months of incarceration for the fleeing or eluding conviction. *Id.* at 49. On August 31, 2021, Petitioner waived his right to a revocation hearing and his right to counsel, and on September 10, 2021, the Board issued a revocation hearing report recommitting Petitioner as a CPV to serve a term of nine months of incarceration. *Id.* at 33, 38. The Board declined to award Petitioner credit for time spent at liberty on parole because he "absconded while on

2

parole supervision" and continued "to demonstrate unresolved drug and/or alcohol issues." *Id.* at 35, 36.

Petitioner submitted a pro se administrative appeal of the Board's October 21, 2021 decision mailed October 27, 2021, which appeal was postmarked November 10, 2021, and received by the Board on November 15, 2021. Petitioner challenged the Board's decision to deny him credit for the time he spent at liberty on parole. *Id.* at 65. He also challenged the custodial credit applied to his original sentence when the Board recalculated his maximum sentence date. *Id.* Petitioner submitted an additional pro se administrative appeal, postmarked March 2, 2022, and received by the Board on March 9, 2022, wherein he sought relief from the February 8, 2022 decision denying him parole. *Id.* at 68-69. On April 4, 2022, Counsel entered his appearance on behalf of Petitioner. *Id.* at 82.

On September 23, 2022, the Board issued a decision affirming its October 21, 2021 decision, and modifying the reason it provided for denying Petitioner credit for time spent at liberty on parole. *Id.* at 84-86. On October 17, 2022, Petitioner filed a Petition for Review. In his Petition for Review, Petitioner alleges the Board (1) "failed to give [Petitioner] credit for all time served exclusively to its warrant or while incarcerated," and (2) "abused its discretion by failing to give [Petitioner] credit for all time in good standing on parole." Petition for Review, ¶¶ 6, 7. Petitioner requests this Court reverse the Board's Order denying his administrative appeal. *Id.* ¶ 7.

## II.    Application to Withdraw

Before we address the merits of the Petition for Review, we must first address Counsel's Application to Withdraw. Where a petitioner seeks review of a Board determination, has no constitutional right to counsel, and counsel determines the

3

case lacks merit, the Court will allow counsel to withdraw if we conclude the issues raised on appeal are meritless. *Zerby v. Shanon*, 964 A.2d 956, 960-61 (Pa. Cmwlth. 2009) (relying on *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988)). To properly withdraw, appointed counsel must submit a *Turner* letter[1] that "detail[s] the nature and extent of his review and list[s] each issue the petitioner wished to have raised, with counsel's explanation of why those issues [are] meritless." *Turner*, 544 A.2d at 928. Where counsel satisfies the *Turner* requirements, we conduct an independent review of the issues raised and, if we agree with counsel's assessment, we may grant leave to withdraw. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).

Here, Counsel's *Turner* letter (*Turner* Letter) satisfies the technical requirements. Counsel attested to an "exhaustive examination of the certified record, and research of applicable case law." *Turner* Letter at 7. Counsel addressed Petitioner's arguments that the Board did not award him the proper credit for the time he was in custody or for the time he spent at liberty on parole. Counsel explained why those arguments were meritless. Accordingly, we now conduct our own review of the merits of the issues Petitioner put forth in his Petition for Review.

### III. Discussion

We review the Board's decision denying administrative relief to determine whether substantial evidence supports the Board's necessary findings of fact, the Board committed an error of law, or the Board violated a parolee's constitutional rights. *McNally v. Pa. Bd. of Prob. & Parole*, 940 A.2d 1289, 1292 (Pa. Cmwlth.

---

[1] We use the term "*Turner* letter" in reference to our Supreme Court's decision in *Turner*, 544 A.2d at 928-29, in which the Court set forth "the appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions."

2008). When presented with a question of law, our standard of review is de novo, and our scope of review is plenary. *Pittman v. Pa. Bd. of Prob. & Parole*, 159 A.3d 466, 473 (Pa. 2017). In other words, in considering a question of law, we do not defer to the Board's decision, and we do review the entire record on appeal. Where the law grants the Board discretion, we review for an abuse of discretion. *Id.* at 474. An abuse of discretion occurs when "the judgment exercised is manifestly unreasonable, or the result of partiality, prejudice, bias or ill will." *Zappala v. Brandolini Prop. Mgmt., Inc.*, 909 A.2d 1272, 1284 (Pa. 2006).

First, we address Petitioner's argument the Board did not award him credit for the time he served on the Board's warrant or while incarcerated. The Board granted Petitioner parole on July 29, 2019. C.R. at 9. On January 3, 2021, local authorities in Delaware County arrested Petitioner on new criminal charges. *Id.* at 42. The police placed Petitioner in Delaware County Prison, and he posted bail on March 11, 2021. *Id.* at 43. On July 16, 2021, Delaware County sentenced Petitioner and gave him credit for the days in custody. The Board credited Petitioner with time served from the date he posted bail, March 11, 2021, until Delaware County sentenced him on July 16, 2021, for a total of 127 days. *Id.* at 55. The Board's calculation is correct and accurately set forth on the Order to Recommit. *Id.*

Next, we address Petitioner's argument the Board abused its discretion when it denied him credit for time spent at liberty on parole. The Prisons and Parole Code[2] (Parole Code) provides if a parolee under the Board's jurisdiction who, during the period of parole, "commits a crime punishable by imprisonment, for which the offender is convicted or found guilty by a judge or jury or to which the offender pleads guilty or nolo contendere," the Board may, in its discretion, recommit the

---

[2] 61 Pa.C.S. §§ 101-7301.

offender as a parole violator. 61 Pa.C.S. § 6138(a)(1). If the Board determines to recommit a parolee as a CPV, as it did here with Petitioner, "the offender shall be recommitted to serve the remainder of the term which the offender would have been compelled to serve had the parole not been granted and, except as provided under paragraph (2.1), shall be given no credit for the time at liberty on parole." *Id.* § 6138(a)(2). Paragraph 2.1 of Section 6138(a) of the Parole Code sets forth that the Board "may, in its discretion, award credit to an offender recommitted under paragraph (2) for the time spent at liberty on parole." *Id.* § 6138(a)(2.1).[3]

Our Supreme Court held that when the Board exercises its discretion under Section 6138(a)(2.1) of the Parole Code, "the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Pittman*, 159 A.3d at 474. *Pittman* requires the Board to articulate a reason for denying credit for time spent at liberty on parole because "an appellate court hearing the matter must have [a] method to assess the Board's exercise of discretion." *Id.*

Accordingly, our task is to evaluate whether the Board abused its discretion by denying Petitioner credit for the time he spent at liberty on parole. This Court has explained that, generally, the Board's reasons for denying such credit must be "accurate and related to the parolee's offenses." *Marshall v. Pa. Bd. of Prob. & Parole*, 200 A.3d 643, 650 (Pa. Cmwlth. 2018). Further, the Board's reasons must be "documented in the record." *Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207, 1212 (Pa. Cmwlth. 2019).

Here, the Board noted Petitioner "absconded while on parole supervision" and continued to "demonstrate unresolved drug and/or alcohol issues." C.R. at 78. The Board found the reason related to absconding was not supported by the record, and

_____

[3] Paragraph 2.1 supplies three limitations to the Board's discretion, none of which apply here.

modified its October 27, 2021 decision to remove it. The Board found the reason related to unresolved drug and alcohol issues, alone, was sufficient to deny Petitioner credit for time spent at liberty on parole. C.R. at 84. The Board followed *Pittman* by supplying a rationale for its decision to deny Petitioner credit for time spent at liberty on parole, which rationale was accurate, related to the offense, reasonable, and supported by the record.

Finally, insofar as Petitioner appeals from the Board's decision affirming the February 8, 2022 decision denying him parole, an inmate does not have the right to appeal the denial of parole. *Weaver v. Pa. Bd. of Prob. & Parole*, 688 A.2d 766, 770 (Pa. Cmwlth. 1997). An inmate has no constitutionally protected liberty interest in the expectation of release before his maximum sentence date expires. *Id.* (citation omitted). Consequently, the Board enjoys broad discretion in parole matters, and it alone decides whether an inmate is sufficiently rehabilitated to serve the remainder of his sentence outside the confines of a correctional institution. *Id.* (citation omitted). As a result, the Board's decision to deny Petitioner parole is a matter within its discretion and not subject to judicial review. *Id*

### IV. Conclusion

Based on the foregoing, we conclude Counsel fulfilled the requirements of *Turner* and our independent review confirms Petitioner's arguments are meritless. Accordingly, we grant Counsel's Application to Withdraw. Additionally, the Board appropriately applied the Parole Code and followed *Pittman* by supplying the requisite rationale for its decision to deny Petitioner credit for time spent at liberty on parole.

Therefore, we conclude the Board did not commit an error of law or abuse its discretion, and we affirm the Board's order.

_____
STACY WALLACE, Judge

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James Newsome,                        :
                        Petitioner    : No.  1122 C.D. 2022
                                      :
            v.                        :
                                      :
Pennsylvania Parole Board,            :
                        Respondent    :

# **O R D E R**

**AND NOW**, this 26th day of January 2024, the January 20, 2023 Application to Withdraw as Counsel filed by Kent D. Watkins, Esq. is **GRANTED,** and the September 23, 2022 order of the Pennsylvania Parole Board is **AFFIRMED**.

_____
STACY WALLACE, Judge