IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Cummings, : 
                      Petitioner : 
                       : 
        v. : No. 281 C.D. 2022
                       : Submitted: February 17, 2023
Pennsylvania Parole Board, : 
                  Respondent : 

BEFORE:   HONORABLE PATRICIA A. McCULLOUGH, Judge
              HONORABLE ANNE E. COVEY, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                        FILED: June 6, 2023

Eric Cummings (Cummings), an inmate at the State Correctional Institution (SCI) at Mercer, petitions for review from an order of the Pennsylvania Parole Board (Parole Board), which dismissed his challenge to the Parole Board's sentence calculations as untimely. In addition, Cummings' appointed counsel, Autumn L. Johnson, Esquire (Counsel), filed an application to withdraw as counsel, asserting Cummings' appeal lacks merit. After review, we grant Counsel's application to withdraw and affirm the Parole Board's order.

## BACKGROUND

On June 6, 2013, Cummings pled guilty to driving under the influence of alcohol and driving while his operating privileges were suspended or revoked. Certified Record (C.R.) at 9. The Mercer County Court of Common Pleas sentenced

Cummings to 1 to 5 years in an SCI. *Id.* On January 9, 2014, a Venango County jury found Cummings guilty of terroristic threats and the Venango County Court of Common Pleas (Venango County) sentenced him to 1 year 4 months minimum to 3 years maximum in an SCI (collectively, Original Sentences). At that time, his maximum sentence date was April 29, 2019. *Id*. at 13.

On November 1, 2015, the Parole Board released Cummings on parole. Subsequently, on March 8, 2019, Cummings pled guilty to charges involving the illegal possession and sale of firearms. *Id*. at 34. Venango County sentenced Cummings to an aggregate term of 1 to 5 years in an SCI (New Sentence). In its sentencing order, Venango County indicated the New Sentence was "intended to run concurrent with any and all sentences previously imposed upon [Cummings] whether in Venango County or elsewhere." *Id*. at 39. Additionally, the order stated that "[c]redit shall be allowed for THIRTY-FIVE (35) days previously served in the Venango County Jail from May 24, 2018 through June 27, 2018." *Id*.

By decision mailed on April 19, 2019, the Board recommitted Cummings to an SCI as a convicted parole violator (CPV) to serve 18 months of backtime (Recommitment Order). *Id*. at 22-23. The Recommitment Order informed Cummings that the Parole Board did not award him credit for time spent at liberty on parole because his conviction involved possession of a weapon and because of his unresolved drug and alcohol issues. *Id*. Accordingly, the Parole Board calculated his parole violation maximum date as December 23, 2021. *Id*. at 22. The Recommitment Order further stated:

> IF YOU WISH TO APPEAL THIS DECISION, YOU MUST FILE A REQUEST FOR ADMINISTRATIVE RELIEF WITH THE BOARD WITHIN THIRTY (30) DAYS OF THE MAILING DATE OF THIS DECISION. THIS REQUEST SHALL SET FORTH SPECIFICALLY THE FACTUAL AND LEGAL BASES FOR THE ALLEGATIONS.

> YOU HAVE THE RIGHT TO AN ATTORNEY IN THIS APPEAL AND IN ANY SUBSEQUENT APPEAL TO THE COMMONWEALTH COURT. YOU MAY BE ENTITLED TO COUNSEL FROM THE PUBLIC DEFENDER'S OFFICE AT NO COST. ENCLOSED WITH THIS BOARD DECISION IS AN ADMINISTRATIVE REMEDIES FORM AND THE NAMES AND ADDRESSES OF ALL THE CHIEF PUBLIC DEFENDERS IN THE COMMONWEALTH. ANY REQUEST FOR A PUBLIC DEFENDER SHOULD BE SENT DIRECTLY TO THE PUBLIC DEFENDER'S OFFICE IN THE COUNTY WHERE YOU CURRENTLY RESIDE.

*Id*. at 23.

On February 23, 2021, the Parole Board denied Cummings' request for parole (Parole Denial Order). *Id*. at 24-26. On March 19, 2021, Cummings filed a request for administrative review of the Parole Board's Parole Denial Order. *Id*. at 27-30. On May 17, 2021, the Board advised Cummings that he did not have a right to administrative review of the Parole Board's Parole Denial Order and that it would take no further action. *Id*. at 33.

On January 27, 2022, Cummings filed a Notice of Appeal/ Request for Administrative Review requesting the Parole Board to recalculate his time credit to make it consistent with the trial court's sentencing order in his New Sentence. *Id*. at 37. Specifically, Cummings asserted that the sentencing order specified his New Sentence was to "be served concurrently with all previous sentences." *Id*. He asserted the Parole Board "unilaterally change[d] or ignore[d]" the sentencing order by considering his New Sentence to "have begun on December 23, 2021[,]" rather than the date he was sentenced, March 8, 2019. *Id*. Additionally, Cummings asserted the Parole Board failed to give him credit for 35 days he spent in the Venango County Jail. *Id*.

By decision mailed March 4, 2022, the Parole Board advised Cummings that it was treating his January 27, 2022 correspondence as a petition for administrative review of its Recommitment Order, which was mailed on April 19, 2019. *Id*. at 41. The Parole Board noted that the Parole Board's regulations require petitions for administrative review to be received by the Parole Board within 30 days of the mailing date of a Parole Board decision, and, therefore, his appeal was untimely. *Id*. at 41.

Cummings filed a Petition for Review with this Court. In his Petition, Cummings asserts the Parole Board erred by failing to comply with Venango County's sentencing order, which directed his New Sentence was to be served "concurrently with all previous sentences." Petition at 1 (pagination supplied). Cummings asserts the Parole Board "refuse[s] to follow the Sentencing Judge's Order and ha[s] unilaterally changed the Court's Order to be a Consecutive Sentence." *Id*. at 1-2. Cummings further asserts the Parole Board "considers [Cummings'] sentence dated March 8, 2019 to have begun on December 23, 2021" and that this is "contrary to the Court's Order, ordering the sentence of 1-5 [years] to begin on March 8, 2019." *Id*. at 2. Cummings requests this Court order the Parole Board to "recalculate the time credit consistent with the sentencing order dated March 8, 2019 and acknowledge that [Cummings] is immediately eligible for parole." *Id*. Additionally, Cummings asserts the Parole Board abused its discretion by dismissing his appeal as untimely because "until December 23, 2021[, Cummings] believed that the . . . Parole Board was complying with [Venango County's] March 8, 2019 order and running his time concurrently." *Id*. at 3-4.

4

Counsel filed an application to withdraw as counsel and a No Merit Letter[1] asserting Cummings' claims are without merit.

Before we address the merits of Cummings' substantive argument, we must first address Counsel's No Merit Letter and application to withdraw. Counsel will be permitted to withdraw if this Court concurs with counsel's determination that the petitioner's issues raised on appeal are meritless. *Com. v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988). To properly withdraw, counsel is required to submit a letter that details the nature and extent of her review of the petitioner's case and lists each issue the petitioner wished to have raised, with an explanation of why counsel believes those issues are meritless. *Id.* at 928. Once counsel satisfies these requirements, this Court then conducts an independent review of the issues raised. *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). If we concur in counsel's assessment, we will grant the requested leave to withdraw. *Id.*

## ANALYSIS

Here, Counsel's No Merit Letter satisfies *Turner's* technical requirements. It contains a recitation of the relevant factual and procedural history and notes that after Counsel's "careful review of the relevant case law and facts in the case, [C]ounsel does not believe that there are any facts in the record that support [Cummings'] request for appeal." No Merit Letter at 4 (pagination supplied). Counsel outlines the issues raised by Cummings and concludes that Cummings' appeal "is without merit and lacks support in either law or fact." *Id.* at 1.

---

[1] The term "no merit letter" refers to our Supreme Court's decision in *Commonwealth v. Turner*, 544 A.2d 927, 928-29 (Pa. 1988), which sets forth the "appropriate procedures for withdrawal of court-appointed counsel in collateral attacks on criminal convictions." In a parole violation matter where there is no constitutional right to counsel involved, a no merit letter is filed by an attorney requesting leave of court to withdraw representation if the attorney determines the violator's case lacks merit. *Com. v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

5

Additionally, Counsel appropriately provided Cummings a copy of her No Merit Letter, which contains an explanation of Cummings' right to retain substitute counsel or to "raise any points which he may deem meritorious in a pro se brief" with this Court. *Id.* at 5. Because Counsel satisfied *Turner's* procedural requirements for withdrawal, we now review the merits of Cummings' Petition.

In reviewing the Parole Board's decision, we are limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether the necessary findings of fact are supported by substantial evidence. *Gibson v. Pa. Bd. of Prob. & Parole*, 3 A.3d 754, 755 n.1 (Pa. Cmwlth. 2010) (citing Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704). The Parole Board's regulations specify that appeals and petitions for administrative review filed by a parolee must "be received at the [Parole] Board's Central Office within 30 days of the mailing date of the Board's order [or determination]." 37 Pa. Code § 73.1. This Court has held that this deadline is jurisdictional, meaning the Parole Board lacks authority to consider untimely petitions. *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993).

Relevant to this appeal, we note there is a significant distinction between a trial court's sentencing of a convicted criminal defendant and the Parole Board's imposition of backtime upon a parolee for his violation of the terms of his parole. *Martin v. Pa. Bd. of Prob. & Parole*, 840 A.2d 299 (Pa. 2003). While a trial court's sentence is "the judgment formally pronounced by the court upon a defendant who has been convicted in a new criminal prosecution and which imposes the term of punishment to be served," *Rivenbark v. Pennsylvania Board of Probation & Parole*, 501 A.2d 1110 (Pa. 1985), the term backtime refers to "that part of an existing judicially[ ]imposed sentence which the [Parole] Board directs a parolee to complete

following a finding[,] after a civil administrative hearing[,] that the parolee violated the terms and conditions of parole," and before the parolee begins to serve a new sentence. *Krantz v. Pa. Bd. of Prob. & Parole*, 484 A.2d 1044, 1047 (Pa. Cmwlth. 1984). Thus, the Parole Board's requirement that a parolee serve backtime relates to the original sentence from which the offender was paroled and is unrelated to any sentence for conviction on other criminal charges. *Martin*, 840 A.2d at 302.

Further, the law in the Commonwealth mandates that a sentence for a crime committed on parole must be served consecutively with the time remaining on an original sentence. Specifically, the Prisons and Parole Code (the Code)[2] requires:

> If a new sentence is imposed on the offender, the service of the balance of the term originally imposed by a Pennsylvania court shall precede the commencement of the new term imposed in the following cases: if a person is paroled from a State correctional institution and the new sentence imposed on the person is to be served in the State correctional institution.

61 Pa.C.S. § 6138(a)(5)(i). Thus, a sentencing judge does not have the authority to order a new state sentence run concurrently to a parolee's backtime on an original sentence. *Kerak v. Pa. Bd. of Prob. & Parole*, 153 A.3d 1134 (Pa. Cmwlth. 2016) (citation omitted).

Here, in its Recommitment Order, the Parole Board set forth Cummings' recalculated parole violation maximum date on his Original Sentences as December 23, 2021. In Cummings' Notice of Appeal to the Parole Board, he challenges the Parole Board's conclusion that his New Sentence did not begin until December 23, 2021, asserting that this is inconsistent with the sentencing order. However, because the Code requires Cummings to serve his Original Sentence before he can begin to

---

[2] 61 Pa.C.S. §§ 101-7301.

serve his New Sentence, we agree with the Parole Board's treatment of his appeal as a challenge to his credit and time calculations in the Recommitment Order. Therefore, we consider whether the Parole Board properly dismissed Cummings' appeal as untimely.

In addition to recalculating Cummings' parole violation maximum sentence date, the Recommitment Order advised Cummings of his right to appeal and the appeal deadline. Because the Recommitment Order was mailed on April 19, 2019, Cummings' deadline to appeal that order was May 20, 2019. The Recommitment Order advised Cummings of this deadline. Cummings failed to challenge this order until January 27, 2022, nearly three years after his deadline to appeal. Because Cummings did not file a timely appeal of the Recommitment Order, which set forth his new parole violation maximum sentence date and necessarily adjusted the date on which he would begin serving his New Sentence, Cummings waived any challenges to the credits afforded and the calculation of the new expiration date. Cummings filed his challenge beyond his appeal deadline, and thus, the Parole Board lacked the authority to consider his petition and properly dismissed his appeal as untimely.[3]

---

[3] Even if Cummings' appeal had been timely, we would conclude that his claims lack merit. Contrary to Cummings' assertions, the Parole Board did not "unilaterally change" Venango County's sentencing order on the New Sentence. Rather, the Parole Board adjusted the parole violation maximum date. Insofar as Cummings asks this Court to conclude the Parole Board is violating the sentencing order because it requires the New Sentence to run concurrently to his Original Sentences, we cannot adopt his position because it would result in the Parole Board's violation of the Code. 61 Pa.C.S. § 6138(a)(5)(i). Cummings is required to finish serving his Original Sentences before he can begin serving his New Sentence. This is not a legal error by the Parole Board, but rather a statutory requirement. *Id.* The Parole Board is not permitted to impose a parole violation sentence to run concurrently with a new sentence for an offense committed while on parole. *See Harris v. Pa. Bd. of Prob. & Parole*, 393 A.2d 510 (Pa. Cmwlth. 1978). Thus, Cummings could not begin serving his New Sentence until he finished serving the backtime on his
**(Footnote continued on next page…)**

**CONCLUSION**

For these reasons, we conclude that Counsel has fulfilled the requirements of *Turner* and our independent review of the record confirms Cummings' appeal lacks merit. Accordingly, we grant Counsel's application to withdraw as counsel and affirm the Parole Board's order.

_____
STACY WALLACE, Judge

---

Original Sentences. As the recalculated maximum date on his Original Sentences was December 23, 2021, Cummings could not begin serving the New Sentence until after that date. Additionally, contrary to Cummings' assertion that the Parole Board failed to award credit for time served, the record indicates the Parole Board provided credit "as ordered from 5/24/2018 to 6/27/2018," C.R. at 34. This is consistent with the sentencing order on the New Sentence. Therefore, Cummings' substantive challenges lack merit.

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Eric Cummings,                          :
                    Petitioner          :
                                        :
        v.                              : No.  281 C.D. 2022
                                        :
Pennsylvania Parole Board,              :
                    Respondent          :

# **O R D E R**

**AND NOW**, this 6th day of June 2023, the Application to Withdraw as Counsel filed by Autumn L. Johnson, Esquire, is **GRANTED**, and the Pennsylvania Parole Board's decision mailed March 4, 2022, is **AFFIRMED**.

_____
STACY WALLACE, Judge