IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kaylon Cowan,                :
           Petitioner           :
                                        :
          v.                  :
                                        :
Pennsylvania Parole Board,    :   No. 727 C.D. 2022
          Respondent       :   Submitted: May 5, 2023

BEFORE:   HONORABLE ANNE E. COVEY, Judge
              HONORABLE MICHAEL H. WOJCIK, Judge
              HONORABLE STACY WALLACE, Judge

OPINION NOT REPORTED

MEMORANDUM OPINION BY
JUDGE COVEY                           FILED: August 25, 2023

Kaylon Cowan (Cowan) petitions this Court for review of the Pennsylvania Parole Board's (Board) July 6, 2022 order denying his request for administrative relief. Cowan is represented in this matter by Centre County Chief Public Defender David Crowley, Esquire (Counsel), who has filed an Application to Withdraw Appearance (Application) and submitted a no-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (*Turner* Letter),[1] in support thereof. After review, we grant Counsel's Application and affirm the Board's order.

---

[1] Through this type of letter, an attorney seeks to withdraw from representation of a parole violator because "the [violator's] case lacks merit, even if it is not so anemic as to be deemed wholly frivolous." *Com[monwealth] v. Wrecks*, 931 A.2d 717, 722 (Pa. Super. 2007).

        Such letters are referred to by various names by courts of this Commonwealth. *See, e.g.*, *Commonwealth v. Porter*, . . . 728 A.2d 890, 893 [] n.2 ([Pa.] 1999) (referring to such a letter as a "'no merit' letter" and noting that such

Cowan was an inmate at the State Correctional Institution (SCI) at Benner Township.[2]  On October 3, 2015, the Lancaster County Common Pleas Court sentenced Cowan to 5 to 20 years of incarceration for aggravated assault involving serious bodily injury (Original Sentence).  *See* Certified Record (C.R.) at 1.  By decision recorded June 7, 2018, the Board granted Cowan parole from his Original Sentence.  *See* C.R. at 4-5.  Cowan's Original Sentence maximum release date was April 15, 2033.  *See* C.R. at 5.

On September 25, 2018, the Board released Cowan on parole to Keystone Correctional Services, Inc. (Keystone) in Harrisburg.  *See* C.R. at 6-10.  Cowan agreed to the following conditions pertinent to this appeal:

> 5. You shall:
>
> > a. abstain from the unlawful possession of narcotics and dangerous drugs and abstain from the use of controlled substances . . . ;
> >
> > b. refrain from owning or possessing any firearms or other weapons; and
> >
> > c. refrain from any assaultive behavior.
>
> . . . .

---

> a letter is also commonly referred to as a "*Finley* letter," referring to the Superior Court case *Commonwealth v. Finley*, . . . 479 A.2d 568 ([Pa. Super.] 1984)); *Zerby v. Shanon*, 964 A.2d 956, 960 (Pa. Cmwlth. 2009) ("*Turner* [L]etter"); *Commonwealth v. Blackwell*, 936 A.2d 497, 499 (Pa. Super. [] 2007) ("*Turner/Finley* letter").
>
> *Hughes v. Pa. Bd. of Prob. & Parole*, 977 A.2d 19, 25 n.2 (Pa. Cmwlth. 2009).

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1204 n.2 (Pa. Cmwlth. 2020), subsequent determination, *Anderson v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth. No. 813 C.D. 2019, filed Mar. 25, 2022).

[2] Cowan has since been reparoled.  *See* vinelink.vineapps.com/person-detail/offender/24548234;tabIndexToSelect=0 (last visited Aug. 24, 2023).

7. . . . If you are arrested on new criminal charges, the Board has the authority to lodge a detainer against you which will prevent your release from custody[] pending disposition of those charges, even though you may have posted bail or been released on your own recognizance from those [new] charges.

If you violate a condition of your parole/reparole and, after an appropriate hearing(s), the Board decides that you are in violation of a condition of your parole/reparole[,] you may be recommitted to prison for such time as may be specified by the Board.

If you are convicted of a crime committed while on parole/reparole, the Board has the authority, after an appropriate hearing, to recommit you to serve the balance of the sentence or sentences which you were serving when paroled/reparoled, with no credit for time at liberty on parole.

C.R. at 7.

By decision recorded on January 11, 2019 (mailed January 16, 2019), the Board recommitted Cowan as a technical parole violator to serve six months of backtime on his Original Sentence for failing to refrain from serious assaultive behavior and failing to successfully complete Keystone's program. *See* C.R. at 11. The Board's decision reflected that Cowan would be automatically reparoled (subject to detainers) upon completion of prescribed programs, and if his behavior did not result in disciplinary action. *See* C.R. at 12. The Board reparoled Cowan to the York Community Corrections Center on April 17, 2019, subject to the same parole conditions he agreed to on September 25, 2018. *See* C.R. at 14-18.

On December 6, 2019, Newberry Township police arrested Cowan and charged him with a broken tail light and possession of drug paraphernalia (Newberry Township Charges). *See* C.R. at 19, 22-23. By decision recorded April 27, 2020, the Board continued Cowan on parole pending disposition of the Newberry Township Charges. *See* C.R. at 19. However, the drug paraphernalia possession

3

charge was eventually reduced to a summary offense with the broken tail light charge. *See* C.R. at 23.

On August 19, 2020, Manheim Township police arrested Cowan, charged him with possession with intent to deliver (PWID) marijuana, possession of a controlled substance - oxycodone, and possession of drug paraphernalia (Manheim Township Charges), and placed him in the Lancaster County Prison. *See* C.R. at 23, 25. The Lancaster County Common Pleas Court set Cowan's bail at $50,000.00, which he did not pay. *See* C.R. at 25, 28. That same day, the Board issued a Warrant to Commit and Detain Cowan. *See* C.R. at 20. By decision recorded September 18, 2020, the Board detained Cowan pending disposition of the Manheim Township Charges. *See* C.R. at 21.

On May 19, 2021, Cowan pled guilty to the Manheim Township Charges, and the Lancaster County Common Pleas Court sentenced him to time served to 23 months of incarceration. *See* C.R. at 23, 29, 38-50. On May 25, 2020, Cowan signed the Board's notice of charges, which scheduled a parole revocation hearing for June 14, 2021, relative to his Manheim Township Charges. *See* C.R. at 51. That same day, Cowan waived his right to a panel hearing, a detention hearing, and his right to counsel. *See* C.R. at 53-54.

By decision recorded June 30, 2021 (mailed July 9, 2021), the Board recommitted Cowan to an SCI as a convicted parole violator (CPV) to serve 18 months of backtime on his Original Sentence because of the Manheim Township Charges. *See* C.R. at 55-70. The Board declined to credit Cowan for the time he spent in good standing at liberty on parole based on his Manheim Township Charges, his poor adjustment under supervision (showing he is not amenable to parole supervision), his previous parole failure, and because he presents a threat to

community safety. *See* C.R. at 57-59, 69. The Board recalculated Cowan's Original Sentence maximum release date to May 17, 2035. *See* C.R. at 69-70.

On July 19, 2021, Cowan, pro se, executed an Administrative Remedies Form (received by the Board on July 23, 2021), wherein he challenged the Board's June 30, 2021 decision (mailed July 9, 2021). Cowan asserted that the Board's guidelines did not allow for an 18-month recommitment, the Board failed to state why he was not awarded credit for the time he spent in good standing at liberty on parole, and his December 2018 parole violation was related to a halfway house (i.e., Keystone). *See* C.R. at 71-72. Therefore, he maintains that his maximum release date was incorrectly calculated.

At Cowan's request, on August 2, 2021, Counsel entered his appearance for Cowan and executed a separate Administrative Remedies Form (received by the Board on August 4, 2021) challenging therein the Board's decision recorded June 30, 2021 (mailed July 9, 2021). Counsel declared that Cowan had not yet received the Hearing Examiner's report when he filed his initial appeal, and essentially reiterated Cowan's claims of error. In addition, Counsel argued that "[t]he reason given for not awarding credit does not appear to be supported by substantial evidence or made contemporaneous[ly] with the [Board's May 19, 2021] decision to recommit [Cowan] as a [CPV] and[,] thus[,] contravenes *Pittman v. Pennsylvania Board of Probation & Parole*, 159 A.3d 466 (Pa. 2017)." C.R. at 76.

In response to Cowan's Administrative Remedies Form filing, by decision mailed November 5, 2021, the Board affirmed its decision recorded June 30, 2021 (mailed July 9, 2021). In that decision, the Board declared that Cowan's recommitment fell within the presumptive range for his drug charges;[3] Section

---

[3] Pursuant to Section 75.2 of the Board's Regulations, the Board could have recommitted Cowan for up to 33 months for the 3 drug charges (9 to 15 months for PWID marijuana (first degree felony with a maximum 5 years of incarceration); 6 to 12 months for intent to possess a

5

6138(a)(2) of the Prisons and Parole Code (Parole Code),[4] 61 Pa.C.S. § 6138(a)(2), authorized the Board to recommit him without credit for the time he spent in good standing at liberty on parole, and the Board properly set forth its reasoning; and the Board properly recalculated his Original Sentence maximum release date. *See* C.R. at 73-74. Cowan did not appeal from the Board's November 5, 2021 decision.

In response to Counsel's Administrative Remedies Form filing, by decision mailed July 6, 2022, the Board clarified:

> The Board previously addressed issues concerning the presumptive range and the recalculation of Cowan's [Original Sentence] maximum [release] date in a response mailed to [] Cowan on November 5, 2021. Those issues were raised in the pro se correspondence received on July 23, 2021. As such, this **response will be limited to the contention that the reason the Board denied Cowan credit for the time spent at liberty on parole is not supported by substantial evidence**.

C.R. at 78 (emphasis added). The Board concluded that its "reason provided for denying credit for the time spent at liberty on parole is sufficient and supported by the record." *Id.* On July 12, 2022, Counsel appealed to this Court on Cowan's behalf.[5]

On December 6, 2022, Counsel filed the Application and the *Turner* Letter in support thereof. By December 9, 2022 Order (Order), this Court informed Cowan that he may, within 30 days after Counsel's service of the Order on him,

---

controlled substance (first degree misdemeanor with a maximum 2 or 3 years of incarceration); and 3 to 6 months for possession of drug paraphernalia (first degree misdemeanor with a maximum 1 year of incarceration)). *See* 37 Pa. Code § 75.2; *see also* C.R. at 57.

[4] 61 Pa.C.S. §§ 101-7301.

[5] "This Court's 'review over actions of the Board is limited to determining whether the decision was supported by substantial evidence, whether an error of law occurred or whether constitutional rights were violated.' *Ramos v. Pa. Bd. of Prob.* [&] *Parole*, 954 A.2d 107, 109 n.1 (Pa. Cmwlth. 2008)." *Brown v. Pa. Bd. of Prob. & Parole*, 184 A.3d 1021, 1023 n.5 (Pa. Cmwlth. 2017).

6

either obtain substitute counsel at his own expense and have new counsel enter an appearance and file a brief in support of the petition for review (Petition), or file a brief on his own behalf. On December 9, 2022, Counsel served the Order on Cowan. Cowan did not obtain substitute counsel or file a brief with this Court.

Before addressing the validity of Cowan's substantive arguments, this Court must assess the adequacy of Counsel's *Turner* Letter. This Court has explained:

> "A [*Turner*] [L]etter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer*[ *v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d at 928) (some alterations omitted). As long as a *Turner* [L]etter satisfies these basic requirements, [this Court] may then review the soundness of a petitioner's request for relief. *Zerby*[ *v. Shanon*], 964 A.2d [956,] 960 (Pa. Cmwlth. 2009)]. However, if the *Turner* [L]etter fails on technical grounds, [this Court] must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of [his/her] client. *Id.*

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020).

"[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has [] substantive reason[s] for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996). Counsel is also required to "notify the parolee of his request to withdraw, furnish the parolee with [] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006). This

7

Court must then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [it] may grant counsel leave to withdraw." *Hont*, 680 A.2d at 48.

Upon review, this Court concludes that Counsel's *Turner* Letter contains the procedural history of Cowan's appeal, as well as Counsel's review of the record and relevant statutes and case law. Counsel served Cowan with a copy of the *Turner* Letter and Counsel's Application. The *Turner* Letter only addressed the merits of Cowan's claim that Counsel expounded upon in his August 2, 2021 Administrative Remedies Form - whether substantial record evidence supported the reason for the Board's denial of credit for the time Cowan spent at liberty on parole - because Cowan waived his other challenges to the Board's decision by failing to timely appeal therefrom.

Indeed, the Board's November 5, 2021 decision informed Cowan that he could appeal therefrom to this Court "within thirty (30) days of the mailing date of the Board's response[,]" or he could seek the assistance of counsel to do so on his behalf, and failing to do so "may affect [his] legal rights." C.R. at 74. Thus, Cowan had until December 5, 2021, to timely appeal from the Board's decision mailed November 5, 2021, but he did not. Therefore, Counsel properly concluded in the *Turner* Letter that the only issue properly preserved on appeal to this Court is whether substantial record evidence supported the reason for the Board's denial of credit for the time Cowan spent at liberty on parole.[6] Regarding that issue, this Court

---

[6] In the *Turner* Letter, Counsel nevertheless explained:

> In [Counsel's] Administrative Appeal, [] Cowan refined the complaint about the excessiveness of the recommitment to one of his inabilities to discern whether the [B]oard used the correct guideline range for the most serious offense[,] PWID [m]arijuana[,] because he was not provided with the Hearing Examiner's report and the decision did not specify that it was aggregating the presumptive ranges to assess 18 months for the convictions. To the

concludes that Counsel complied with the procedural requirements for withdrawing from representation.

This Court will now conduct an independent review of the only issue Cowan preserved on appeal - whether substantial record evidence supported the reason for the Board's denial of credit for time Cowan spent at liberty on parole.

Until it was amended effective June 30, 2021,[7] Section 6138(a) of the Parole Code specified, in relevant part:

> (1) A parolee under the jurisdiction of the [B]oard released from a correctional facility who, during the period of parole or while delinquent on parole, commits a crime punishable by imprisonment, for which the parolee is convicted or found guilty by a judge or jury or to which the parolee pleads guilty or nolo contendere at any time thereafter in a court of record, may at the discretion of the [B]oard be recommitted as a parole violator.
>
> . . . .
>
> (2) **If the parolee's recommitment is so ordered**, **the parolee shall be reentered to serve the remainder of the term which the parolee would have been compelled to serve had the parole not been granted and**, except as **provided under paragraph (2.1)**, **shall be given no credit for the time at liberty on parole**.

extent that this could be considered a discreet claim and not waived for the failure to appeal the November 5, 2021[] denial of the pro se Administrative Relief[,] [Cowan] now possesses that [H]earing [E]xaminer's report and it clearly states the correct . . . presumptive range[s were] . . . used in calculating the aggregate presumptive recommitment range. [*See* C.R. at] 57[.] Under these circumstances there is no factual or legal argument to be made that the 18-month recommitment was excessive.

*Id*. at 4-5.

[7] Section 6138(a) of the Parole Code, as quoted herein, is as it appeared when applicable to this case. The General Assembly amended Section 6138(a) of the Parole Code effective June 30, 2021.

> (2.1) **The [B]oard may**, **in its discretion**, **award credit to a parolee recommitted under paragraph (2) for the time spent at liberty on parole**, unless any of the following apply:
>
>> (i) The crime committed during the period of parole or while delinquent on parole is a crime of violence as defined in [Section 9714(g) of the Sentencing Code,] 42 Pa.C.S. § 9714(g) (relating to sentences for second and subsequent offenses) or a crime requiring registration under 42 Pa.C.S. Ch. 97 Subch. H (relating to registration of sexual offenders).
>>
>> (ii) The parolee was recommitted under [S]ection 6143 [of the Parole Code, 61 Pa.C.S. § 6143] (relating to early parole of inmates subject to [f]ederal removal order).

61 Pa.C.S. § 6138(a) (emphasis added).

Cowan's Manheim Township Charges were drug-related offenses. Section 9714(g) of the Sentencing Code includes only drug delivery that results in death under Section 2605 of the Crimes Code, 18 Pa.C.S. § 2506. Because Cowan was not recommitted for reasons enumerated in Section 6138(a)(2.1)(i) and (ii) of the Parole Code, the Board had the discretion to award him credit for the time he spent at liberty on parole, if it so desired. In *Pittman*, the Pennsylvania Supreme Court ruled that, although the Board has discretion to deny such credit, in order for "an appellate court hearing the matter [to] have [a] method to assess the Board's exercise of discretion[,] . . . the Board must articulate the basis for its decision to grant or deny a CPV credit for time served at liberty on parole." *Id.*, 159 A.3d at 474. Further, there must be record evidence to support the Board's reason for the credit denial. *See Plummer v. Pa. Bd. of Prob. & Parole*, 216 A.3d 1207 (Pa. Cmwlth. 2019).

Here, in its decision recorded on June 30, 2021 (mailed July 9, 2021), the Board declined to credit Cowan for the time he spent in good standing at liberty on parole due to: (1) his Manheim Township Charges; (2) his poor adjustment under supervision; (3) his showing that he is not amenable to parole supervision; (4) his previous parole failure; and (5) his threat to community safety. *See* C.R. at 57-59, 69. The record evidence supports that Cowan was guilty of the Manheim Township (drug) Charges, that he previously committed parole violations - including his failure to refrain from drug possession and assaultive behavior, and his failure to complete the Keystone program - as he agreed to do, and his failure to comply with the Board's parole conditions makes him a threat to community safety. "Because [Cowan] had notice of the rationale behind the Board's credit decision, and there is record evidence to support the Board's reason, we hold that its stated reason complied with *Pittman*."[8] *Plummer*, 216 A.3d at 1213.

In its decision mailed July 6, 2022, the Board detailed:

> In this case, the Board articulated that Cowan was denied such credit due to a history of supervision failure in probation and/or parole. The record reveals a previous recommitment as a technical parole violator during his current state sentence. That decision was recorded on January 11, 2019[,] and was for violating condition #5c

---

[8] Counsel represented in the *Turner* Letter:

> [T]he [B]oard's failure to provide [] Cowan with the [H]earing [E]xaminer's report deprived him of the opportunity to assess whether the decision to decline the award of parole liberty credit was made contemporaneous with the decision to recommit. As the [B]oard has provided that report in the [C]ertified [R]ecord[,] it is beyond dispute that these decisions were made on June 1, 2021, and there is no factual or legal argument to be made relative to the contemporaneous requirement in *Pittman*.

*Id*. at 5; *see also id*. at 4 ("[Cowan] was not provided with the Hearing Examiner's report . . . ."). Counsel made a correct assessment, and substantial evidence supported the Board's denial of credit. *See Turner* Letter at 5.

(assaultive behavior) and condition #7 (failure to successfully complete the Keystone [] program). Thus, the reason provided for denying credit for the time spent at liberty on parole is sufficient and supported by the record.

C.R. at 78. Because this Court agrees that substantial record evidence supported the reason for the Board's denial of credit for the time Cowan spent at liberty on parole, Cowan's appeal lacks merit.

Based on the foregoing, this Court concludes that Counsel complied with *Turner's* technical requirements and confirms, based upon an independent record review, that Cowan's appeal lacks merit. For all of the above reasons, Counsel's Application is granted, and the Board's order is affirmed.

_____
ANNE E. COVEY, Judge

12

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Kaylon Cowan,                :
          Petitioner      :
                              :
      v.                       :
                              :
Pennsylvania Parole Board,      :     No. 727 C.D. 2022
          Respondent     :

## O R D E R

AND NOW, this 25th day of August, 2023, Centre County Chief Public Defender David Crowley, Esquire's Application to Withdraw Appearance is GRANTED, and the Pennsylvania Parole Board's July 6, 2022 order is AFFIRMED.


_____

ANNE E. COVEY, Judge