# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Shelton,                          :
                        Petitioner       :
                                         :
              v.                         :    No. 1471 C.D. 2021
                                         :    Submitted:  May 26, 2023
Pennsylvania Parole Board,               :
                        Respondent       :


BEFORE:    **HONORABLE RENÉE COHN JUBELIRER,** President Judge
           **HONORABLE CHRISTINE FIZZANO CANNON,** Judge
           **HONORABLE LORI A. DUMAS,** Judge

<u>**OPINION NOT REPORTED**</u>


**MEMORANDUM OPINION BY**
**PRESIDENT JUDGE COHN JUBELIRER**        **FILED: October 19, 2023**


Petitioner Norman Shelton (Shelton), an inmate at the State Correctional Institution (SCI) at Albion, petitions this Court for review of the December 8, 2021 decision of the Pennsylvania Parole Board (Board) denying administrative relief by dismissing as untimely Shelton's pro se "Motion for Accuracy of Sentence Status Implication of Service Warranting Order Making Stipulation" (Motion for Accuracy)[1] filed on August 23, 2021.  Therein, Shelton requested that the Board reduce its recalculation of his maximum sentence made in 2017 and alleged that his state and federal sentences should be served consecutively.  Also before this Court are the "Application to Withdraw Appearance" (Application to Withdraw) of Jessica A. Fiscus, Esquire (Counsel), wherein she seeks to withdraw as Shelton's counsel

---

[1] Shelton filed an identical "Motion for Accuracy of Sentence Status Implication of Service Warranting Order Making Stipulation" (Second Motion for Accuracy) in this Court on April 22, 2022.  As this matter is in the Court's appellate jurisdiction, we deny the Second Motion for Accuracy.

on the ground that Shelton's pro se ancillary petition for review filed in this Court on April 11, 2022, (Petition for Review) is without merit, and Shelton's pro se "Motion of Ineffective Assistance of Counsel" (IAOC Motion) wherein Shelton alleges Counsel has been ineffective for her failure to provide him legal assistance. After a thorough review, we grant Counsel's Application to Withdraw, deny Shelton's IAOC Motion, and affirm the Board's December 8, 2021, decision.

## I.  FACTS AND PROCEDURAL HISTORY

A prior panel of this Court set forth the relevant facts and procedural background herein as follows:

> In June 1982, Shelton was sentenced to serve 7½ to 30 years in state prison for robbery and criminal conspiracy convictions. He was released on parole in April 1992. At that time, his maximum sentence date was June 21, 2012.
>
> In September 1992, Shelton was rearrested on federal charges of armed bank robbery and several other related offenses. The Board issued a warrant to commit and detain Shelton the next day. He never posted bond, and he remained in federal custody thereafter.
>
> In January 1993, while Shelton was still in federal custody, the Board issued a decision detaining him for parole violations, pending disposition of the federal criminal charges. In July 1993, Shelton was convicted on the federal charges and sentenced to 322 months in federal prison plus 5 years of supervision.
>
> In April 1995, the Board issued a new warrant for detainer at the federal penitentiary. In June 1995, Shelton requested that the Board schedule his revocation hearing. The Board refused to do so, stating it was deferring a decision on parole revocation matters until Shelton finished serving his federal sentence.
>
> In December 1999, Shelton complained to the Board that he was suffering adverse effects in federal prison by reason of the Board's detainer. He again asked the Board for a revocation hearing concerning his parole violations. The Board responded that he was required to

2

serve his new federal sentence before serving any backtime owed on his state court sentence.

In January 2015, Shelton once again requested disposition of his parole violations by the Board. The Board responded that those violations would be addressed once he was returned to state custody.

The Board acquired custody of Shelton and returned him to an SCI on April 14, 2017, upon his completion of his federal sentence. A revocation hearing was held July 24, 2017. In a decision issued in October 2017, [Recommitment Order][2] the Board revoked Shelton's parole and also recommitted him to serve 24 months of backtime as a [convicted parole violator (CPV)]. As a result, his maximum sentence date changed from June 21, 2012 to June 21, 2037.

*Shelton v. Pa. Bd. of Prob. & Parole* (Pa. Cmwlth., No. 1199 C.D. 2018, filed July 23, 2019) (*Shelton I*), slip op. at 2-3.

Shelton filed numerous challenges to the Board's decision, including an Administrative Remedies Form in October 2017, correspondence in November 2017 and January 2018, and a "Motion to Dismiss Parole Violation Charges to the Ch[a]irman and Members of the Board" in May 2017. (Certified Record (C.R.) at 102-09.) The Board ultimately voted to affirm its Recommitment Order, as reflected in a July 18, 2018 response to Shelton's administrative appeal. (*Id.* at 110-11.) Shelton filed a petition for review of that decision with this Court.

In *Shelton I*, after granting prior counsel's petition to withdraw, this Court proceeded to find that Shelton's sole claim pertaining to the timeliness of the Board's revocation hearing lacked any arguable merit. Shelton had argued that under Section 6138(a)(5.1) of the Prisons and Parole Code, 61 Pa.C.S. § 6138(a)(5.1), a provision that was not added until after his sentence had been imposed, he should have been permitted to serve the remainder of his state sentence prior to serving his federal

---

[2] The Recommitment Order was dated September 19, 2017, and the Notice of Board Decision was mailed October 4, 2017. (Certified Record (C.R.) at 89-92.)

3

sentence. (*Shelton I*, slip op at 6.) Pursuant to the law in effect at the time of his federal conviction, we held that Shelton was required to serve the new federal sentence before the remainder of any prior state sentencing, including backtime. (*Id.*) In addition, consistent with our prior holdings, we determined that as Shelton remained in federal custody following his arrest, the Board could not obtain custody over him to hold a revocation hearing until after he had completed his federal sentence. (*Id.* at 6-7.) Therefore, we found that the Board's "duty to hold a revocation hearing was deferred until [Shelton] was returned to state custody." (*Id.* at 7.) Thus, we affirmed the Board's decision.

Thereafter, the Board denied Shelton parole on January 29, 2019, February 11, 2020, and June 30, 2021. (C.R. at 96-101.) Each time, the corresponding Notice of Board Decision (Notice) reflected that Shelton's parole violation maximum release date is June 21, 2037. (*Id.*) In his Motion for Accuracy dated July 3, 2021, and postmarked August 24, 2021, Shelton asserted that the Board erroneously recalculated his release date, which should have remained June 21, 2012, as he should be serving his federal and state sentences consecutively in accordance with the Board's Sentence Status Summary dated October 19, 2017. (*Id.* at 113-15.)

The Board responded to Shelton in the decision mailed December 8, 2021. (*Id.* at 117.) Therein, the Board indicated that it had received Shelton's Motion for Accuracy on September 3, 2021, and explained that because Shelton raised credit concerns regarding the calculation of his federal and state sentences, the Board would treat the filing as a petition for administrative review from the Board's decision recorded September 19, 2017, which was mailed on October 4, 2017 (Recommitment Order).[3] (*Id.*) The Board explained that its regulation authorizing

_____

[3] In its response, the Board inadvertently had stated its decision was recorded on September 9, 2017.

4

administrative relief, 37 Pa. Code § 73.1(b)(1), requires that petitions for administrative review must be received at its central office within 30 days of the mailing date of the Board's decision. (C.R. at 117.) Finding that Shelton's request had not been timely received because the Board had recalculated his maximum sentence in 2017, the Board dismissed his Motion for Accuracy as untimely. (*Id*.)[4]

On December 27, 2021, Shelton filed a pro se "Notice of Appeal" with this Court. In a subsequent per curiam order, we directed Shelton to file a petition for review, which Shelton did. Counsel was appointed, and following her review of the certified record, Counsel opted not to file an amended petition. Instead, on July 5, 2022, Counsel filed her Application to Withdraw and a No-merit letter pursuant to *Commonwealth v. Turner*, 544 A.2d 927 (Pa. 1988) (No-merit letter).[5] On July 19, 2022, Shelton filed his IAOC Motion.[6]

## II.    APPLICATION TO WITHDRAW

Prior to reaching the merits of Shelton's Petition for Review, we first must consider Counsel's Application to Withdraw, beginning with the No-merit letter.

> "A [no-merit] letter must include an explanation of 'the nature and extent of counsel's review and list each issue the petitioner wished to have raised, with counsel's explanation of why those issues are meritless.'" *Seilhamer* [*v. Pa. Bd. of Prob. & Parole*], 996 A.2d [40,] 43 [(Pa. Cmwlth. 2010)] (quoting *Turner*, 544 A.2d  928) (some

---

[4] Our standard of review of Board decisions is limited to determining whether the Board violated a petitioner's constitutional rights or committed an error of law and whether the Board's findings of fact are supported by substantial evidence. *See* Section 704 of the Administrative Agency Law, 2 Pa.C.S. § 704.

[5] In a per curiam order of May 30, 2023, we directed that Counsel's Application to Withdraw be submitted on briefs, along with the merits of the Petition for Review, without oral argument, unless otherwise ordered.

[6] In a September 1, 2022 per curiam order, the IAOC Motion was also directed to be decided with the merits.

alterations omitted).  As long as a [no-merit] letter satisfies these basic requirements, we may then review the soundness of a petitioner's request for relief.  *Zerby* [*v. Shanon*], 964 A.2d [956,] 960 [(Pa. Cmwlth. 2009)].  However, if the [no-merit] letter fails on technical grounds, we must deny the request for leave to withdraw, without delving into the substance of the underlying petition for review, and may direct counsel to file either an amended request for leave to withdraw or a brief on behalf of their client.  *Id.*

*Anderson v. Pa. Bd. of Prob. & Parole*, 237 A.3d 1203, 1207 (Pa. Cmwlth. 2020).

"[C]ounsel must fully comply with the procedures outlined in *Turner* to ensure that each of the petitioner's claims has been considered and that counsel has a substantive reason for concluding that those claims are meritless." *Hont v. Pa. Bd. of Prob. & Parole*, 680 A.2d 47, 48 (Pa. Cmwlth. 1996).  In addition, "[C]ounsel must notify the parolee of [her] request to withdraw, furnish the parolee with [ ] a copy of . . . [the] no-merit letter satisfying the requirements of *Turner*, and inform the parolee of his right to retain new counsel or submit a brief on his own behalf." *Reavis v. Pa. Bd. of Prob. & Parole*, 909 A.2d 28, 33 (Pa. Cmwlth. 2006).  After ensuring that this procedure has been followed, this Court will then "conduct its own independent review of the petition to withdraw and must concur in counsel's assessment before [we] may grant [C]ounsel leave to withdraw." *Hont*, 680 A.2d at 48.

In her No-merit letter, Counsel details the procedural history herein and includes citations to the Certified Record.  (No-merit letter at 1-3 (unnumbered).) Counsel also discusses the nature of the claims Shelton presents on appeal and the relevant law applicable thereto.  Counsel characterizes Shelton's issues as an administrative challenge to the Board's computation of his maximum release date in the Recommitment Order.  (*Id.* at 3.)  Counsel discusses the reasons for her determination that Shelton's arguments lack merit.  Specifically, Counsel explains

6

that although the Board mailed the Recommitment Order to Shelton on October 4, 2017, (*see* C.R. at 91-92), Shelton's Motion for Accuracy is dated August 3, 2021, nearly four years thereafter, making it facially untimely, (No-merit letter at 3-4). Counsel also notes that the untimeliness of the Motion for Accuracy is not excusable due to a breakdown in the procedure of administrative officials. (*Id*. at 3.) Counsel notes that on October 10, 2017, Shelton "filed a timely request for administrative relief," and he "filed a [c]ounseled [p]etition for [r]eview from [the o]rder affirming" the Recommitment Order, which this Court considered in *Shelton I*. (No-merit letter at 3-4 (citing C.R. at 102).) Therefore, Counsel concludes that the Motion for Accuracy is untimely. (*Id.* at 4.)

In addition, in her correspondence addressed to Shelton and dated July 5, 2022, Counsel informed Shelton of her request to withdraw, provided him with a copy of the No-merit letter, and advised him of his right to retain new counsel or submit a brief on his own behalf, which he has done. (Application to Withdraw, Ex. A.) Counsel attached a proof of service thereto indicating that she served Shelton with the Application to Withdraw. Accordingly, we conclude that Counsel has complied with the technical requirements of *Turner*, and we proceed to independently review the merits of Shelton's appeal to determine whether to grant or deny Counsel's Application to Withdraw. *Hont*, 680 A.2d at 48.

## III. PETITION FOR REVIEW

In his Petition for Review filed with this Court, Shelton asserts the Board has never "clearly" responded to his Motion for Accuracy. (Petition for Review at 2.) In his Motion for Accuracy, Shelton contended that

> [t]he . . . Board . . . had originally given [Shelton] concurrent credit of his State sentences towards his federal sentence for fifteen [15] years following his release only to recalculate his State sentences just prior to

release on June 21, 2012, only to increase his Maximum Release Date by twenty five [25] years which has thus exceeded his original release date of June 21, 2012; just five [5] years following his federal sentences['] expiration of June 21, 2007, which conflicts with this Court[']s authority to allow his State sentence to run concurrently with his federal sentence which the . . . Board . . . had originally done for over two [2] decades which deprived him of the right to try challenging the consecutiveness thereof long ago within accordance to the rules cited above; until now.

(Motion for Accuracy at 2-3 (unnumbered) (some ellipses and some bracketing in original) (C.R. at 114-15).)

In his appellate brief, Shelton continues to argue that the Board erroneously "recomputed" and "recalculated" his maximum sentence in July 2017. (Shelton's Brief (Br.) at 4.) He asks this Court to issue an order "for his immediate release at once without any remains [sic] his state sentence having to be served on parole, [a]nd would like the record to reflect[] as being June 21, 2012 [sic]." (*Id*. at 6.) Shelton does not address the timeliness of his Motion for Accuracy, which the Board treated as an administrative appeal.

"Prisoners desiring to appeal a determination of the Board must file an administrative appeal within 30 days of the mailing date of the determination." *McCaskill v. Pa. Bd. of Prob. & Parole*, 631 A.2d 1092, 1095 (Pa. Cmwlth. 1993). Specifically, the Board's regulations pertaining to petitions for administrative review state, in relevant part:

A parolee, by counsel unless unrepresented, may petition for administrative review under this subsection of determinations relating to revocation decisions which are not otherwise appealable under subsection (a). Petitions for administrative review shall be received at the Board's Central Office within 30 days of the mailing date of the Board's determination. When a timely petition has been filed, the determination will not be deemed final for purposes of appeal to a court

8

until the Board has mailed its response to the petition for administrative review. This subsection supersedes 1 Pa. Code § 35.226.

37 Pa. Code § 73.1(b)(1).

The Board mailed Shelton and his then-counsel the Recommitment Order on October 4, 2017. The Recommitment Order recommitted Shelton as a CPV, imposed 24 months of backtime, and established a new re-parole eligibility date of April 14, 2019, along with a new maximum date of June 21, 2037. (C.R. at 89-92.) The Board informed Shelton that he had 30 days in which to appeal its Recommitment Order. (*Id.* at 92.) Thus, a timely request for relief from that decision was due within 30 days of that date, or by November 3, 2017. Shelton filed an Administrative Remedies Form pro se on October 10, 2017. (*Id.* at 102.) Shelton also sent additional correspondence to the Board, and ultimately, on July 18, 2018, the Board affirmed its Recommitment Order. (*Id.* at 103, 107-09, 111.)

Shelton filed a timely petition for review in this Court. (*Shelton I*, slip op. at 3.) Therein, he asserted, *inter alia*, that the Board had failed to hold a timely revocation hearing. As previously stated, on July 23, 2019, this Court affirmed the Board's Recommitment Order. Moreover, as indicated previously, each Notice following the Board's denial of parole reflected the June 21, 2037, maximum release date. (C.R. at 97, 99, 101.) However, the Board did not receive the Motion for Accuracy challenging the maximum sentence date set forth in the Recommitment Order until September 3, 2021, nearly four years after the Board had mailed the Recommitment Order.

This Court previously has held that where the Board's decision is not timely appealed, the Board is without authority to consider an appeal as its timeliness is jurisdictional. *Ayers v. Pa. Bd. of Prob. & Parole*, 565 A.2d 1257, 1258 (Pa. Cmwlth. 1989) "Where a prisoner fails to meet this deadline, this [C]ourt has held

9

that the Board has no jurisdiction to entertain the appeal and should dismiss it as untimely." *McCaskill*, 631 A.2d at 1095 (internal citation omitted). In keeping with these principles, the Board dismissed Shelton's Motion for Accuracy, which it treated as an administrative appeal, as untimely.[7]

Shelton should have raised any and all claims with respect to the Board's 2017 Recommitment Order in his previous timely request for administrative relief in this Court. As the Board correctly found, the instant Motion for Accuracy is Shelton's attempt to challenge the purported erroneous calculation of his maximum sentence in October 2017, and, therefore, it is untimely.

Based on the foregoing, this Court concludes that Counsel complied with the technical no-merit letter requirements required under *Turner*, and following an independent record review, we affirm the Board's December 8, 2021, decision and grant the Application to Withdraw. However, we must next consider whether there is any merit to Shelton's allegations that Counsel did not provide him effective representation.

## IV.  INEFFECTIVE ASSISTANCE OF COUNSEL

In his IAOC Motion, Shelton argues Counsel failed to file "motions" to "defend his constitutional right[]s or attempt to give cl[]arity to his argument[]s." (IAOC Motion at 1.) Shelton further contends counsel never pursued his constitutional rights or clarified his arguments although his claims that the Board "intentionally interfered with [his] back sentence" had merit. (*Id*. ¶ 3.) Shelton also argues that because the Board lacks the "power to sentence or re-sentence a prisoner"

---

[7] It appears the Board also could have declined to review Shelton's Motion for Accuracy pursuant to Section 73.1(b)(3) of the Board's regulations, which provides, "[s]econd or subsequent petitions for administrative review and petitions for administrative review which are out of time under this part will not be received."  37 Pa. Code § 73.1(b)(3).

its action herein is a "deliberate obstruction of justice[.]" (*Id*.) Shelton avers that Counsel also failed to return his documents and his handwritten arguments and asks this Court to order Counsel to return his paperwork. (*Id*.) According to Shelton, Counsel's inaction is proof that she is working on the Board's behalf rather than looking out for his best interests. (*Id*. at 2.)

> To prevail on a claim of ineffective assistance of counsel, a petitioner must overcome the presumption that counsel is effective by establishing all of the following three elements, as set forth in *Commonwealth v. Pierce, . . .* 527 A.2d 973, 975-76 ([Pa.] 1987) [(*Pierce* test)]: (1) the underlying legal claim has arguable merit; (2) counsel had no reasonable basis for his or her action or inaction; and (3) the petitioner suffered prejudice because of counsel's ineffectiveness. *Commonwealth v. Dennis, . . .* 950 A.2d 945, 954 ([Pa.] 2008).

*Commonwealth v. Chmiel*, 30 A.3d 1111, 1127 (Pa. 2011) (brackets added). Claims of ineffective assistance of counsel are not self-proving. *Commonwealth v. Pierce*, 786 A.2d 203, 221 (Pa. 2001) (noting that an appellant cannot prevail on claim of ineffective assistance of counsel when claim is not developed).

As previously stated, a parolee who wishes to appeal a parole revocation order must file an administrative appeal with the Board within 30 days. 37 Pa. Code § 73.1. The failure to take an appeal within that time period precludes a parolee from later asserting a challenge to the Board's recommittal order absent proof of ineffective assistance of counsel. *Larkin v. Pa. Bd. of Prob. & Parole,* 555 A.2d 954, 957 (Pa. Cmwlth. 1989); *Epps v. Pa. Bd. of Prob. & Parole*, 565 A.2d 214, 216 (Pa. Cmwlth. 1989). However, **prior counsel did** file an appeal from the Recommitment Order and this Court, in *Shelton I*, found no merit to the claim raised therein. In his IAOC Motion, Shelton baldly argues that **current Counsel** failed to

provide him with "legal assistance" and "substantial action of the law," to apply "color of law" and "to file motions" on his behalf. (IAOC Motion ¶¶ 1-3.)

In failing to structure his claim pursuant to the three-prong *Pierce* test and, instead, generally alleging that Counsel failed to render him effective assistance, Shelton has failed to develop his IAOC Motion in any meaningful fashion. *Commonwealth v. Spotz*, 896 A.2d 1191, 1250 (Pa. 2006). Therefore, Shelton's "boilerplate and undeveloped argument" pertaining to Counsel's ineffectiveness "is insufficient to establish" he is entitled to relief on his IAOC Motion. *Id. See also Commonwealth v. Bond,* 819 A.2d 33, 41 (Pa. 2002) (stating that Post Conviction Relief Act[8] petitioner's boilerplate allegation that all prior counsel were ineffective for failing to litigate issues that had been waived did not discharge an appellant's burden of proving their ineffectiveness).

Moreover, with regard to the reasonable basis prong of the *Pierce* test,

> we do not question whether there were other more logical courses of action which [C]ounsel could have pursued; rather, we must examine whether [C]ounsel's decisions had any reasonable basis [and] will hold that [C]ounsel's strategy lacked a reasonable basis only if [Shelton] proves that a foregone alternative offered a potential for success substantially greater than the course actually pursued.

*Commonwealth v. Brown*, 196 A.3d 130, 150 (Pa. 2018) (citations and internal quotation marks omitted). The record belies Shelton's assertions that Counsel did not pursue his best interests. As stated above, Counsel's No-merit letter evinces her thorough review of the record prior to her determination that no issues of arguable merit exist, and we agree with that conclusion. "Counsel will not be found ineffective for failing to raise a meritless claim." *Id*. (citation omitted).

---

[8] 42 Pa. C.S. §§ 9541-9546.

## V.    CONCLUSION

Following our independent review of the record, we agree that Shelton did not timely file an administrative appeal with the Board regarding the Recommitment Order, and, accordingly, we affirm the Board's December 8, 2021 decision.  As Counsel has complied with the technical requirements of *Turner*, we grant her Application to Withdraw.  As Shelton's boilerplate and underdeveloped arguments fail to show that Counsel's representation was responsible for his failure to file the Motion for Accuracy in a timely fashion, we find he has failed to establish the three-prong *Pierce* test and deny his IAOC Motion.

_____
**RENÉE COHN JUBELIRER,** President Judge

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Norman Shelton,                               :
                    Petitioner               :
                                             :
             v.                              :    No. 1471 C.D. 2021
                                             :
Pennsylvania Parole Board,                   :
                    Respondent               :

# O R D E R

   **NOW**, October 19, 2023, the Application to Withdraw Appearance of Jessica A. Fiscus is **GRANTED**, and the Pennsylvania Parole Board's December 8, 2021 decision is **AFFIRMED**. Norman Shelton's "Motion of Ineffective Assistance of Counsel" and "Motion for Accuracy Implication of Service Warranting Order Making Stipulation" filed in this Court are **DENIED**.

_____
                                   **RENÉE COHN JUBELIRER,** President Judge